# CITIZENS' SAVINGS AND TRUST COMPANY, *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ILLINOIS.

No. 238.　Submitted January 7, 1907.—Decided March 4, 1907.

The repealing section of the Judiciary Act of 1887–1888 did not reach § 8 of the act of March 3, 1875, 18 Stat. 470, and that section is still in force. *Jellinik* v. *Huron Copper Mining Co.*, 177 U. S. 1, 10.

A suit brought by owners of stock of a railroad company for the cancellation of deeds and leases under and by authority of which the properties of the company are held and managed is a suit within the meaning of § 8 of the act of March 3, 1875, 18 Stat. 470, as one to remove incumbrances or clouds upon rent or personal property and local to the district and within the jurisdiction of the Circuit Court for the district in which the property is situated, without regard to the citizenship of defendants so long as diverse to that of the plaintiff, and foreign defendants not found can be brought in by order of the court subject to the condition prescribed by that section, that any adjudication affecting absent non-appearing defendants shall affect only such property within the districts as may be the subject of the suit and under the jurisdiction of the court.

Non-resident defendants appearing in the Circuit Court under protest for the sole purpose of denying jurisdiction do not waive the condition in § 8 of the act of March 3, 1875, 18 Stat. 470, that any judgment of the court shall affect only property within the district.

THIS suit in equity was brought in the Circuit Court of the United States for the Eastern District of Illinois against the Illinois Central Railroad Company, the Belleville and Southern Illinois Railroad Company, the St. Louis, Alton and Terre

Haute Railroad Company, all Illinois corporations (to be hereafter called, respectively, the Illinois, the Belleville, and Terre Haute companies), and the United States Trust Company, a New York corporation. ' The last named corporation ·was never served with process and did not appear in the suit. · The case presents a question as to the jurisdiction of the court below.

The plaintiff, an Ohio corporation, is the holder of four hundred shares of the common stock of the Belleville Company, and sues as well in its own as on the behalf of all other stockholders of that company or beneficiaries, who may choose to come in and bear their proportion of the cost and expenses of the proceedings. Assuming the allegations of the bill to be true, the suit is not a collusive one, and could be properly brought by a stockholder of the Belleville Company, making that company a defendant.

The bill refers to various instruments, deeds and leases, as follows: A deed of October 1st, 1895, between the Terre Haute Company, the Illinois Company and the Belleville Company, whereby the railroad and properties of the Belleville Company, then held by the Terre Haute under a lease executed in 1866, were transferred to the Illinois Company for a period of ninety-nine years; a deed of September 10th, 1897, to which the Belleville and Terre Haute Companies were parties and which purported to transfer the title to all the railroad properties of the former to the latter company; a lease of September 15th, 1897, by the Terre Haute Company to the Illinois Central Railroad Company, confirming the above lease of October 1st, 1895, and covering, among other properties, the Belleville railroad, extending from Belleville, in St. Clair County, Illinois, to Duquoin, Perry County, in the same State; and a deed of February 17th, 1904, between the Terre Haute Company and the Illinois Company, purporting to convey to the latter company all the railroad properties, corporate rights and franchises of the former company.

The plaintiff prayed that these leases and deeds, so far as they affect or purport to affect the properties, franchises, rights or· liabilities of the Belleville. Company be cancelled and· declared void, and that that company be required to return and account for whatever consideration it may have received under such leases and deeds to the party or parties from whom the consideration may have moved.

The bill charges, in substance, that said deeds were illegally and fraudulently · procured by the Illinois Central Railroad Company, and by means of those instruments, and by various improper schemes, that company has acquired not only complete control over and possession of the Belleville Company, and all its properties but has managed, and is continuing to manage those properties, in its own interest and in total disregard of the rights of holders of the common stock of the Belleville Company. Indeed, it is charged that what the Illinois Central Railroad. Company has done, is doing, (and, unless restrained, will continue to do), has practically destroyed the value of such stock.

The plaintiffs also prayed for a decree ordering the defendant, the Illinois Central Railroad Company, to account for and pay over to the Belleville Company, or to a receiver to be appointed for that company, such proportion of the yearly gross earnings as the Belleville Company is entitled to under the lease executed by and between the Belleville Company and the Terre Haute Railroad Company, bearing date October 1st, 1866; such accounting to cover each fiscal year, or part thereof, from the time when the Illinois Central Railroad Company first acquired the railroad properties of· The Belleville Company as lessee or sub-lessee under the lease executed on or about the first of April, 1896, up to the time of such accounting; further, for "an order appointing a receiver for The Belleville & Southern Illinois Railroad Company, with the usual powers of such receivers; and that the Illinois Central Railroad Company, through its officers and agents, to be ordered to surrender and deliver to said receiver all the

corporate assets, books, papers and everything that right-fully belongs to The Belleville & Southern Illinois Railroad Company, and that the Illinois Central Railroad Company be ordered to account to such receiver, as is hereinbefore prayed. That the defendant, the Illinois Central Railroad Company, its officers and agents, be restrained from further violating the rights of your orator, and be ordered, directed and restrained in particular from interfering in any way with said receiver, or with the operation of said Belleville Company as an independent and separate railroad company; and for such other and further relief as the equity of the case may require."

Process in the case against the Illinois Company was served upon its ticket agent at East St. Louis, "there being no President, Vice President, Secretary or Treasurer of that Company found" in the District; and against the Belleville and Terre Haute companies, upon a director of each company, at Pinkneyville, Illinois, there being no President, Vice President, Secretary or Treasurer of either of those companies found in the District.

The Belleville Company pleaded—especially appearing under protest for the purposes of its plea and no other—that the court below was without jurisdiction to proceed against it, in that the defendant was an inhabitant of the Northern Division of the Northern District of Illinois, having its residence in that Division and District at Chicago, where its corporate meetings were held and its corporate business transacted.

Similar pleas were filed by the Terre. Haute Company and the Illinois Central Railroad Company, each specially appearing under protest for the purpose only of denying the jurisdiction of the court below and each company claiming to be an inhabitant and resident of the Northern District of Illinois.

By its final order the court sustained the pleas to the jurisdiction, and dismissed the suit.

*Mr. Edward C. Eliot* and *Mr. William B. Sanders,* for appellant:

The Circuit Court of the Eastern District of Illinois has jurisdiction of this suit, because it is a suit brought to enforce an equitable lien upon or claim to, or to remove an incumbrance or lien or cloud upon the title to real estate within the Eastern District of Illinois, and comes within § 8 of the act of March 3, 1875, 18 Stat. L. 472. *Jellenik* v. *Huron Copper Co.,* 177 U. S. 1; *Mellen* v. *Moline Iron Works,* 131 U. S. 352.

Section 738 has never been confined to actions which were strictly local at common law. *McBurney* v. *Carson,* 99 U. S. 567; *Goodman* v. *Niblack,* 102 U. S. 556. See also *Evans* v. *Charles Scribners Sons,* 58 Fed. Rep. 303; *Cowell* v. *Water Supply Co.,* 96 Fed. Rep. 769; *McGee* v. *Railroad Co.,* 48 Fed. Rep. 243; *Castello* v. *Castello,* 14 Fed. Rep. 207; *Single* v. *Paper Co.,* 55 Fed. Rep. 553.

A suit for the specific performance of a contract for the sale of land may be either a suit *in personam* or a suit *in rem,* or *quasi in rem.*

Section 738 is meant to include more than suits that were local at common law. *Greeley* v. *Lowe,* 155 U. S. 58, 70; *Adams* v. *Cowles,* 96 Missouri, 501; *Acker* v. *Leland,* 96 N. Y. 383.

The present suit is one brought to enforce an equitable claim to, or to remove an incumbrance or cloud upon, the title to real estate within the Eastern District of Illinois. Irrespective of the question, as to whether or not the present suit is local, as determined by the principles of common law, no one will urge that Congress intended to exclude from § 738 any suit which would have been local at common law. At common law the suit brought by complainant would have been local and not transitory. *Chapin* v. *Dodds,* 104 Michigan, 232; *McKenzie* v. *Bacon,* 38 La. Ann. 764.

A proceeding *in rem,* strictly construed, is one taken directly against the property, in which the property itself is actually impleaded, as in the case of a libel in admiralty.

But to determine the locality of an action, a proceeding *in rem* is construed more broadly, and embraces many actions brought against individual defendants, proceedings which properly, perhaps, should be called *quasi in rem.* *Pennoyer* v. *Neff,* 95 U. S. 734.

Mr. J. M. Dickinson and Mr. Blewett Lee, for appellees:

In order to determine whether the suit is really one "to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought" our only recourse is to the bill itself, and it is clear that the bill is one for an accounting according to the terms of a certain lease, and incidentally for the cancellation of certain instruments and the appointment of a general receiver of corporate assets. The incidental effect of granting all the relief prayed for in the bill might be to clear the supposed title of the Belleville Company to the railroad which it formerly owned, but this relief, like that of appointing a receiver, would be ancillary only. *Ellis* v. *Reynolds,* 35 Fed. Rep. 394.

The essence of the bill is that a sufficient rental is not realized from the railroad formerly owned by the Belleville Company, and that the common stockholders are not getting any dividends and will not get any under present conditions. To the end that the common stockholders may get dividends, the bill prays that every instrument which stands in the way of that laudable end shall be cancelled, and an accounting rendered upon a basis which will make money for the common stockholders. The general cancellation of leases and conveyances is all for the purpose of an accounting at an adequate rental for the use of the railroad formerly belonging to the Belleville Company. Essentially the bill is one for an accounting and nothing else, and the suggestion that it is one to quiet title is an ingenious afterthought.

While it is possible that upon the facts alleged in the bill

a suit might have been framed in such a way as to be a claim to real estate or to remove an incumbrance or lien upon real estate within the meaning of this statute, the complainant has not elected so to frame his bill. The bill is not one to remove an incumbrance or lien upon the title to real estate, nor is it a bill to remove a cloud upon the title to real estate. In order to file a bill to remove a cloud from title the complainant must be in possession of the premises. *Frost* v. *Spitley*, 121 U. S. 552, 556; *Florida* v. *Furman*, 180 U. S. 402, 428.

On the contrary, the bill shows that the railroad formerly of the Belleville Company is in the possession of the Illinois Company and an inspection of the prayer will show that it does not ask that the possession of the railroad be restored to the Belleville Company or to cancel the lease of October 1, 1866, by which the railroad formerly of the Belleville Company was leased to the Terre Haute Company for a period of 999 years. The bill, therefore, is not one to enforce a claim to real estate, nor is it one to enforce an equitable lien upon real estate. While the bill prays for an accounting upon the basis that the lease of the Belleville Company to the Terre Haute Company of October 1, 1866, is still in force, it also prays that the Belleville Company be ordered to return and deliver up and account for whatever considerations it may have received under the various deeds and leases since that time.

In the cases cited by complainant the bill as actually framed and upon all the facts shown was really one to enforce "an equitable lien upon, or claim to, or to remove an incumbrance or lien or cloud upon title to real or personal property within the district where such suit is brought," instead of being, like the present suit, essentially one *in personam* *Jellinik* v. *Huron Co.*, 177 U. S. 1; *Goodman* v. *Niblack*, 102 U. S. 556; *McBurney* v. *Carson*, 99 U. S. 567; *Mellen* v. *Moline Iron Works*, 131 U. S. 352; *Greeley* v. *Lowe*, 155 U. S. 58, and other cases, discussed and distinguished.

MR. JUSTICE HARLAN, after making the foregoing state-
ment, delivered the opinion of the court.

This case is here upon a certificate as to the jurisdiction
of the Circuit Court.

The Eastern District of Illinois was created by the act of
Congress approved March 3d, 1905, c. 1427. 33 Stat. 992,
995. The present suit in equity was, as we have stated,
instituted in the Circuit Court for that District, but its juris-
diction was denied by the judgment below upon the ground
solely that each defendant railroad corporation was shown
to be an inhabitant of the Northern District of Illinois, not
of the Eastern District, and, therefore, this suit was not
local to the latter District.

By the eighth section of the act of March 3d, 1875, de-
termining the jurisdiction of the Circuit Courts of the Uni-
ted States, it was provided: "That when in any suit, com-
menced in any circuit court of the United States, to enforce
any legal or equitable lien upon, or claim to, or to *remove
any incumbrance or lien or cloud upon the title to real or per-
sonal property within the district where such suit is brought,*
one or more of the defendants therein shall not be an inhabi-
tant of, or found within, the said district, or shall not volun-
tarily appear thereto, it shall be lawful for the court to make·
an order directing such absent defendant or defendants to
appear, plead, answer, or demur, by a day certain to be desig-
nated, which order shall be served on such absent defendant
or defendants, if practicable, wherever found, and also upon
the person or persons in possession or charge of said prop-
erty, if any there be; or where such personal service upon
such absent defendant or defendants is not practicable, such
order shall be published in such manner as the court may
direct, not less than once a week for six consecutive weeks;
and in case such absent defendant shall not appear, plead,
answer, or demur within the time so limited, or within some
further time, to be allowed by the court, in its discretion,

and upon proof of the service or publication of said order, and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district," etc.   18 Stat. 470, 472, c. 137.

These provisions were substantially those embodied in § 738 of the Revised Statutes, except that the act of 1875 embraced (as § 738 did not) suits in equity "to remove any encumbrance or lien or cloud upon the title to real or personal property."   Both section 738 and the act of 1875 related to legal and equitable liens or claims on real and personal property *within the district where the suit was brought.*

The repealing clause of the Judiciary Act of 1887–1888 did not reach the 8th section of the act of 1875.   That section is still in force, as was expressly held in *Jellenik* v. *Huron Copper Mining Co.,* 177 U. S. 1, 10.

We are then to inquire as to the scope of the eighth section of the above act of 1875.   And that inquiry involves the question whether this suit is one "to enforce any legal or equitable lien upon, or claim to, or to remove any encumbrance or lien or cloud upon the title, to real or personal property" within the Eastern District of Illinois where the suit was brought.

In *Mellen* v. *Moline Malleable Iron Works,* 131 U. S. 352, we had occasion to examine the provisions of the act of 1875. A question there arose as to the jurisdiction of a Circuit Court of the United States to render a decree annulling a trust deed and chattel mortgage covering property within the district where the suit was brought, in which suit the defendants did not appear, but were proceeded against in the mode authorized by the above act of 1875.   This court said: "The

previous statute gave the above remedy only in suits 'to enforce any legal or equitable lien or claim against real or personal property within the district where the suit is brought,' while the act of 1875 gives it also in suits brought 'to remove any incumbrance or lien or cloud upon the title to' such property. Rev. Stat. § 738; 18 Stat. 472, c. 137, § 8. We are of opinion that the suit instituted by the Furnace Company against the Iron Works and others belonged to the class of suits last described. *The trust deed and chattel mortgage in question embraced specific property within the district in which the suit was brought.* The Furnace Company, in behalf of itself and other creditors of the Iron Works, claimed an interest in such property as constituting a trust fund for the payment of the debts of the latter, and the right to have it subjected to the payment of their demands. In *Graham* v. *Railroad Company,* 102 U. S. 148, 161, this court said that 'when a corporation became insolvent, it is so far civilly dead, that its property may be administered as a trust fund for the benefit of the stockholders and creditors. A court of equity, at the instance of the proper parties, will then make those funds trust funds, which, in other circumstances, are as much the absolute property of the corporation as any man's property is his.' See also *Mumma* v. *Potomac Company,* 8 Pet. 281, 286; *County of Morgan* v. *Allen,* 103 U. S. 498, 509; *Wabash &c. Railway* v. *Ham,* 114 U. S. 587, 594; 2 Story's Eq. Jur. § 1252; 1 Perry on Trusts, § 242. The trust deed and chattel mortgage executed by the Iron Works created a lien upon the property, in favor of Wheeler, Carson, Hill, and the Keator Lumber Company, superior to all other creditors. The Furnace Company, in behalf of itself and other unsecured creditors, as well as Wheelock, denied the validity of Hill's lien as against them. That lien was therefore an incumbrance or cloud upon the title, to their prejudice. Until such lien or incumbrance was removed, they could not know the extent of their interest in the property or in the proceeds of its sale. The case made by the original, as well

as cross-suit, seems to be within both the letter and the spirit of the act of 1875."

A recent case is that of *Jellinik* v. *Huron Copper Mining Co.*, *supra.* That was a suit by stockholders of a Michigan corporation. Its object, as the bill disclosed, was to remove the cloud that had come upon their title to the shares of stock held by them. The issues in the case made it necessary to determine the scope of the above act of 1875, c. 137. This court said: "Prior to the passage of the above act of March 3, 1875, the authority of a Circuit Court of the United States to make an order directing a defendant—who was not an inhabitant of nor found within the district and who did not voluntarily appear—to appear, plead, answer or demur, was restricted to suits in equity brought to enforce legal or equitable liens or claims against real or personal property within the district. Rev. Stat. § 738. But that act extended the authority of the court to a suit brought 'to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought.' One of the objects of the present suit was to remove an incumbrance or cloud upon the title to certain shares of the stock of a Michigan corporation. No question is made as to the jurisdiction of the court so far as it rests upon the diverse citizenship of the parties. The plaintiffs alleged that they were the equitable owners of that stock, although the legal title was in certain of the defendants. The relief asked was a decree establishing their rightful title and ownership; and in order that such a decree might be obtained the defendants referred to were ordered to appear, plead, answer or demur; but as they refused to do so, the Circuit Court decided that it could not proceed further. That court was of opinion that 'the shares of stock in question are not personal property within the district within the purview of the statute of the United States authorizing the bringing in by publication of notice to non-resident defendants who assert some right or claim to the property which is the subject of suit.' 82 Fed.

Rep. 778, 779. The proper forum, the court said, for the litigation of the question involved would be in the State of which the defendants were citizens. The question to be determined on this appeal is, whether the stock in question is personal property within the district in which the suit was brought. If it is, then the case is embraced by the act of 1875, c. 137, and the Circuit Court erred in dismissing the bill." Again: "It is sufficient for this case to say that the State under whose laws the Company came into existence has declared, as it lawfully might, that such stock is to be deemed personal property. That is a rule which the Circuit Court of the United States sitting in Michigan should enforce as part of the law of the State in respect of corporations created by it. The stock held by the defendants residing outside of Michigan who refused to submit themselves to the jurisdiction of the Circuit Court being regarded as personal property, the act of 1875 must be held to embrace the present case, if the stock in question is 'within the district' in which the suit was brought. Whether the stock is in Michigan, so as to authorize that State to subject it to taxation as against individual shareholders domiciled in another State, is a question not presented in this case, and we express no opinion upon it. But we are of opinion that it is within Michigan for the purposes of a suit brought. there against the Company—such shareholders being made parties to the suit—to determine whether the stock is rightfully held by them. The certificates are only evidence of the ownership of the shares, and the interest represented by the shares is held by the Company for the benefit of the true owner. As the habitation or domicil of the Company is and must be in the State that created it, the property represented by its certificates of stock may be deemed to be held by the Company. within the State whose creature it is, whenever it is sought by suit to determine who is its real owner. This principle is not affected by the fact that the defendant is authorized by the laws of Michigan to have an office in another State, at which a book showing the transfers

of stock may be kept." See, also, *Dick* v. *Foraker*, 155 U. S. 404.

These decisions, we think, make it clear that this suit comes within the act of 1875, as one to remove an incumbrance or cloud upon the title to real property within the Eastern District of Illinois. The railroad in question *is wholly within that district*, although the defendant corporations, including the Belleville Company, may hold their annual or other meetings in Chicago. The bill seeks the cancellation of the deeds and leases under and by authority of which the properties of the Belleville Company are held and managed in the interest, as is alleged, of the Illinois Central Railroad Company, and to the destruction of the rights of the stockholders of the Belleville Company. The bill also, as we have seen, prays for the appointment of a receiver of the Belleville Company and the surrender and delivery to such receiver of all its corporate assets, books, papers and everything that rightfully belongs to it, and account to such receiver, as prayed; also, that the Illinois Central Railroad Company be restrained from interfering in any way with the receiver, or with the operation of the Belleville railroad as an independent, separate company. In addition, there is a prayer in the bill for general relief. If the deeds and leases in question are adjudged to be void, the entire situation, as to the possession and control of the Belleville railroad properties, will be changed, and the alleged incumbrances upon the properties of the Belleville Company will be removed. We express no opinion upon the question whether, upon its own showing, or in the event the allegations of the bill are sustained by proof, the plaintiff is entitled to a decree giving the relief asked by it. There was no demurrer to the bill as being insufficient in equity. The only inquiry now is whether, looking at the allegations of the bill, the suit is of such a nature as to bring it within the act of 1875, *as one to remove incumbrances or clouds upon real or personal property within the district where the suit was brought, and, therefore, one local to such district.* The court below held

that the suit was not one which could be brought and maintained against the defendant corporations found to be inhabitants of another district and not voluntarily appearing in the suit; and this, notwithstanding the railroad in question is wholly within the district where the suit was brought. 18 Stat. 472; 25 Stat. 436. If the suit was within the terms of the act of 1875, then the Circuit Court of the Eastern District of Illinois, although the defendant corporations may be inhabitants of another district in Illinois, could proceed to such an adjudication as the facts would justify, subject, of course, to the condition prescribed by the eighth section of that act, that any adjudication, affecting absent defendants without appearance, should affect only such property, within the district as may be the subject of the suit and under the jurisdiction of the court.

The plaintiff contends that this condition was waived, and the general appearance of the defendants entered, when their counsel, at the hearing as to the sufficiency of the pleas to the jurisdiction, argued the merits of the case as disclosed by the bill. This is too harsh an interpretation of what occurred in the court below. There was no motion for the dismissal of the bill for want of equity. The discussion of the merits was permitted or invited by the court in order that it might be informed on that question in the event it concluded to consider the merits along with the question of the sufficiency of the pleas to the jurisdiction. We are satisfied that the defendants did not intend to waive the benefit of their qualified appearance at the time of filing the pleas to the jurisdiction.

We adjudge that the suit is of such a nature as to bring it within the jurisdiction of the Circuit Court for the Eastern District, under the act of 1875. The judgment must, therefore, be reversed and the cause remanded that the plaintiff may proceed, as it may be advised, with the preparation of its case under the act of 1875.

*It is so ordered.*