## CARNEY v. COMMONWEALTH OIL & GAS CO. et al.
### No. 400.

District Court, D. Kansas, Third Division.
July 31, 1933.

Ryan, Condon & Livingston, of Chicago, Ill., for plaintiff.

Vermilion, Evans, Carey & Lilleston, of Wichita, Kan., and Cravath, de Gersdorff, Swaine & Wood, of New York City, for defendants.

HOPKINS, District Judge.

This is an action in which the plaintiff seeks to have restored to the Prairie Oil & Gas Company its properties and assets consisting of gas producing properties and real and personal property located in this district, which, through a consolidated agreement, was transferred to and absorbed by the Sinclair Prairie Oil Company and Consolidated Oil Corporation. The plaintiff further seeks to enforce against the property the equitable claim that in equity the property still belongs to the Prairie Oil & Gas Company for the benefit of its stockholders, and to set aside the transfers as clouds on the corporation's title thereto.

The plaintiff is a resident of Chicago, Ill., the owner of 12,000 shares of stock of the Prairie Oil & Gas Company (now known as the Commonwealth Oil & Gas Company), brings this bill on her own behalf and all other stockholders similarly situated who may become parties. Two of the defendants, Commonwealth Transportation Company (formerly known as the Prairie Pipe Line Company) and Commonwealth Oil & Gas Company (formerly known as the Prairie Oil & Gas Company), are Kansas corporations. The defendant, the Consolidated Oil Corporation (formerly known as Sinclair Consolidated Oil Corporation), is a New York corporation. The defendant Sinclair Prairie Oil Company is a Maine corporation.

Personal service of subpœna was had on all of the defendants.

Consolidated Oil Corporation moved to quash personal service on it, claiming that it was not doing business within the district of Kansas, and further objecting to the venue on the ground that neither plaintiff nor de-

fendant was a resident of the district of Kansas. Plaintiff filed her motion in writing consenting to the quashing of the service upon the Consolidated Oil Corporation and moved the court for the issuing of a warning order on the corporation pursuant to section 57 of the Judicial Code (28 USCA § 118). Pursuant to such consent, the court entered an order quashing service on the Consolidated Oil Corporation and reserved its ruling on plaintiff's motion for a warning order.

The Sinclair Prairie Oil Company has moved to quash personal service upon it, although it was found and personally served within the district of Kansas, on the ground that it is not an inhabitant of this district but is a Maine corporation, contending that suit may not be commenced against it in this district. The Commonwealth Oil & Gas Company and the Commonwealth Transportation Company have moved to dismiss the bill on the ground that the Consolidated Oil Corporation and the Sinclair Prairie Oil Company are indispensable parties over whom jurisdiction cannot ·be obtained because the Consolidated Oil Corporation is a New York corporation upon whom personal service cannot be had in this district; and that Sinclair Oil is a Maine corporation, not an inhabitant of this district and not subject to suit in this district.

The sufficiency of the allegations of the bill or the merits of plaintiff's right to relief are not challenged by the defendant's motions. The bill raises only questions of the jurisdiction over the person, venue, and absence of indispensable parties. The motions are narrowed down to a determination of the single question whether the bill of complaint in this case states a case that is a local action within the meaning of section 57 of the Judicial Code (28 USCA § 118).

The bill states, in substance, as follows:

The plaintiff is the owner of 12,000 shares of stock of the Prairie Oil & Gas Company. The company for many years had been profitably operated, enjoyed a good will and reputation of great value, and had accumulated a very large surplus and reserve both in cash and property, and had enjoyed an uninterrupted cash dividend record. The condition of the company was such that its solvency nor its successful continuance in business nor its stockholders' investments therein were threatened or in danger, nor were there any exigencies existing which required or justified in good faith the. disposition by the company of its business and assets or the abandonment of its corporate functions.

The bill alleges that the Sinclair Consolidated Oil Corporation did not enjoy as favorable a financial position for the stockholders as had the Prairie Oil & Gas Company, had paid no dividends since 1931 on its common stock, and for the six years prior thereto its dividends were meager as compared with the dividends paid by the Prairie Oil & Gas Company; that the Sinclair Consolidated Oil Corporation showed a loss of $8,366,-000 during the year 1930, and showed even heavier losses in the succeeding periods. It is apparent from the facts stated in the bill the Prairie Oil & Gas Company was in a much stronger and more favorable condition than the Sinclair Consolidated Oil Corporation.

On January 14, 1933, the directors of the Sinclair Consolidated Oil Corporation, the Prairie Pipe Line Company, and the Commonwealth Oil & Gas Company entered into, an agreement of consolidation by which the name of the Sinclair Consolidated Oil Corporation was to be changed to the Consolidated Oil Corporation, and all of the properties and assets, including names and good will of the Prairie Pipe Line Company and the Prairie Oil & Gas Company, were to be transferred to Consolidated Oil Corporation, in consideration of the issuance and delivery of common stock of the Consolidated Company, and the two Prairie companies agreed to change their name, adopting the name of Commonwealth instead of Prairie. Each stockholder of the Prairie Pipe Line Company was to be paid on the basis of 1.4 shares of Consolidated stock for each share of Prairie Pipe Line Company stock, and the stockholders of the Prairie Oil & Gas Company were to receive share for share. The bill, after an allegation of collusion on the part of certain stockholders and directors, alleges that the plan was consummated.

The bill charges that the scheme and plan so conceived and carried out by the defendant companies stripped the Prairie Oil & Gas Company of its properties and diverted such properties to Consolidated Oil Corporation and its subsidiaries, unlawfully depriving plaintiff and other dissenting stockholders of their pecuniary interest in and their rights as stockholders of the company; that the supposed sale and transfer and the consideration therefor was not fair or adequate or to the best interests of the Prairie Oil & Gas Company nor its stockholders, and was not honestly nor in good faith considered by the directors and the majority of stockholders and was arbitrarily determined without honest and proper regard for the real and fair value of the properties or for the rights and

interests of the stockholders; and that the contract and transfer of the properties was otherwise contrary to equity and good conscience, unwarranted, unfair, and unlawful, and should be set aside by a decree of this court as clouds upon the title to the properties which are located in the district of Kansas and elsewhere, so that the same may be restored to the Prairie Oil & Gas Company for the benefit of the stockholders.

A substantial part of the real and personal property of the gas company is located in Kansas, in this district. The bill designates and describes property of the Prairie Oil & Gas Company located in this district and calls for a disclosure of a more accurate description of these properties and the remaining properties conveyed.

■ We may consider first the contention of the Sinclair Prairie Oil Company that personal service upon it should be quashed because it is a Maine corporation and not an inhabitant of the district of Kansas. If this is a local action under section 57 of the Judicial Code (28 USCA § 118), the suit may properly be brought where the property in controversy is located, though neither plaintiff nor defendant resides there and service of summons may be had in that district if the defendant can be found there, or, if not found, then under section 57 substitute service may be had. Section 57 of the Judicial Code provides that, if the defendant is not an inhabitant or not found within the district in which the suit is brought, substitute service may be had. It necessarily implies that, if defendant is found within the district, then personal service may be had without the necessity of invoking the privilege to obtain substitute service. Section 57 of the Judicial Code does not make the provision for the service of a warning order the sole or exclusive method of service against nonresident defendants.

The only question therefore remaining to be determined is whether plaintiff's bill is an action for the enforcement of an equitable claim to and removal of a cloud on title to property located in the district of Kansas, within the meaning of section 57 of the Judicial Code.

Section 57 of the Judicial Code (28 USCA § 118) provides that: "When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be. * * * "

The defendant contends that the plaintiff's action is more in the nature of a suit to set aside a triparty contract. It is true that the bill seeks to set aside a triparty contract, but it does so only in aiding the principal prayer for relief which is to remove as a cloud on title the conveyance of property made in furtherance of the contract.

In the case of McRoberts v. Independent Coal & Coke Co. (C. C. A.) 15 F.(2d) 157, 161, a bill was filed by several stockholders of the Independent Coal & Coke Company, against the company and one John H. Tonken, to cancel an option and contract for the sale of all assets of the company to Tonken. The action was brought in the federal District Court of Utah by citizens and residents of Illinois and Kentucky against the company, a Wyoming corporation, and Tonken, a resident of Utah. The jurisdiction of the court was challenged on the ground that the action was one relating to the internal affairs, in the management of the corporation and that the court had no jurisdiction over the nonresident corporation. Judge Stone, in delivering the opinion of the court, said:

"The question is whether this action is to remove a cloud therefrom or whether it is merely an action to control the intercorporate relations of stockholders in a Wyoming corporation. * * *

"A conveyance of the property in strict accordance with the contract here set out would undoubtedly be a cloud upon the title of the company to this property. Such a contract is not void until validated but is valid until avoided—it is voidable. It is capable of becoming absolutely valid through ratification or estoppel and the corporation, as such, is estopped to deny such validity. * * * If the corporation should attempt to convey to some one else, no attorney would pass such a title with this contract in existence. Such a contract is a cloud upon the title of the most serious character. If it is such a cloud, then the statute gives to anyone injured thereby a right to bring a suit to remove it. The nonassenting stockholders are in that position.

Westerlund Case, supra, page 613 [of 203 F.], 121 C. C. A. 627. If, on the other hand (as seems to be held in Commerce Trust Co. v. Chandler (C. C. A.) 295 F. 241, 243, First Circuit), a contract to sell all of the assets of a solvent corporation is void, instead of voidable, where there are dissenting stockholders, it is a cloud which even the corporation itself has power to seek to have removed and here plaintiffs allege unsuccessful efforts to secure such action by the corporation."

See, also, Mellen v. Moline Malleable Iron Works, 131 U. S. 352, 9 S. Ct. 781, 33 L. Ed. 178; General Investment Co. v. Lakeshore & M. S. R. R. Co. (C. C. A.) 250 F. 160; Dickinson v. Traction Co. (C. C.) 114 F. 232, 242.

In my opinion these decisions indicate that this suit comes within section 57 of the Judicial Code (28 USCA § 118) as one to remove an incumbrance or cloud upon the title to real estate.

Defendants further contend that this court is without jurisdiction because all the property is not located in this district, and that to enter a decree limited only to its properties within the district would be in effect to decree a partial revision of the contract and to set it aside pro tanto.

I am of the opinion the jurisdiction of this court cannot be defeated by showing that there is other property not subject to its jurisdiction if a substantial portion of the property is within this district. In so far as plaintiff's bill relates to property outside of the district, that is an objection that more properly should be viewed as going to the extent of the relief that may be granted by this court, but it does not affect the jurisdiction over the parties and subject-matter so far as concerns the property here where fraud or breach of trust are involved. In a corporate consolidation, equity should not be helpless to grant relief, because it does not have jurisdiction over all the property where a substantial part of the property is within its jurisdiction.

Nor do I believe that the jurisdiction of the court under section 57 of the Judicial Code is affected by the fact that the action may seek personal relief against some of the defendants personally served. The decree as to absent defendants served only by substituted service can affect only their interest in the property within the jurisdiction.

The court concludes that the plaintiff's bill is an action for the enforcement of an equitable claim and for the removal of a cloud on title to the property of the Prairie Oil & Gas Company, located in the district of Kansas, within the meaning of section 57 of the Judicial Code (28 USCA § 118). The warning order against the Consolidated Oil Corporation should be granted and the motions to dismiss denied.

An appropriate order will be drawn allowing the defendants their exceptions.