CAMPBELL v. MURDOCK et al.

Civ. No. 27029.

United States District Court
N. D. Ohio, E. D.
March 27, 1950.

Richard C. Rose, Ashtabula, Ohio, Young & Brigleb, Cleveland, Ohio, for plaintiff.

Payer, Bleiweiss, Crow & Mollison, Eugene Bleiweiss, Cleveland, Ohio, Ho-

ward Nazor, Ashtabula, Ohio, for defendants.

JONES, Chief Judge.

This is an action to foreclose a mechanic's lien on land owned by defendant Murdock and for other relief.

It appears from the complaint that plaintiff expended considerable labor and materials in the improvement of Murdock's land pursuant to a contract between plaintiff and defendant McMahon, the duly authorized agent of Murdock. Plaintiff, even though he has joined McMahon as a party defendant, does not pray for relief as against him.

Plaintiff, Murdock and McMahon are respectively residents of Pennsylvania, South Carolina and Ohio. This Court has jurisdiction because of the diversity of citizenship and the provisions of 28 U.S.C.A. § 1655, formerly 28 U.S.C.A. § 118.

McMahon has moved to dismiss the action because no relief is prayed for against him and because the complaint fails to state a claim against him upon which relief can be granted. Murdock, appearing specially and for the purpose of challenging this court's jurisdiction moves to dismiss the action against her, in so far as it asks for personal judgment and, appearing solely for the purpose of defending her interest in the property, moves for a more definite statement of the complaint.

McMahon's motion to dismiss is well taken for the complaint does not state a cause of action insofar as it relates to him. McMahon in making the contract with the plaintiff was acting as an authorized agent of a disclosed principal. Under such circumstances he is not liable on the contract. (1 O.Juris. 796) If McMahon did not disclose the agency or the identity of the principal at the time the contract was made, he might be liable on the contract. If, however, at the time the action is commenced, the plaintiff has learned of the undisclosed agency or knows the identity of the principal, he must elect whether to proceed against the agent or the principal. He cannot sue both. (1 O.Juris.

865) Even if this were a case of an undisclosed principal or agency, the plaintiff now knows of the agency and the identity of the agent and principal. He must, therefore, elect whether to hold the agent or the principal on the contract. In effect the failure to seek relief against McMahon is an election to sue Murdock only. Under either view of the facts as discussed above, this action as against McMahon must be dismissed without prejudice.

As pointed out above this action is in this court because of the provisions of 28 U.S.C.A. § 1655, formerly 28 U.S.C.A. § 118. This section provides in actions to enforce liens on property within the district for service on non-resident defendants by personal service where possible or by publication. The defendant is ordered to appear but if he does not, the final judgment can affect only the property which is the subject of the action.

Murdock claims that this section does not authorize a personal judgment against a non-resident defendant who does not make a general appearance, and she appears specially to move to dismiss the action insofar as it asks for personal judgment. The ultimate question to be decided, then, is whether Section 1655 permits personal judgments when jurisdiction is based solely on the fact that the property in controversy is located within the District.

We have been able to find only one case where the question has been squarely presented. In Bede Steam Shipping Co. v. New York Trust Co., 2 Cir., 54 F.2d 658, the court held that the non-resident defendant has but two choices. He could elect not to appear or he could make a general appearance and subject himself to the general jurisdiction of the court on all claims against him. The court specifically held that the defendant could not appear only for the purpose of defending his interest in the property.

This ruling seems reasonable and correct. The statute, it is true, limits the situations in which the court has in rem jurisdiction. But the statute does not prohibit the taking of personal judgments if the defendant appears, and it also provides, if the defendant does not appear, that the court's adjudication shall affect only the property before it. This leaves the inference that if the defendant does appear, the court may try the entire controversy between the parties.

There has been some suggestion that the personal judgment must be limited to such relief as is related to the in rem feature of the action which originally gives the court jurisdiction. The Bede case lends itself to such an interpretation. (See also 2 Cylo.Fed.Pro. 620–621) Even with this limitation a personal judgment may be had in this action. A personal judgment on the debt which gives rise to the lien in this action does not seem so incidental to the foreclosure of the lien as to defeat the jurisdiction of the court under section 1655. It is not necessary to decide what types of personal relief cannot be coupled with the actions listed in 1655, for the personal relief here is too closely related to the in rem feature of this case as to give this court jurisdiction.

It should also be noted that this objection to jurisdiction may be waived, and it is waived when defendant appears and pleads to the merits or raises any other issue which requires the action of the court other than what is necessary to determine jurisdiction. Southern Lands v. Henderson, D.C., 24 F.Supp. 835. In this action Murdock has moved for a more definite statement. This requires court action to an extent greater than is necessary to determine jurisdiction and, the filing of the motion may be considered a waiver of any objection to jurisdiction.

In these circumstances, the defendant Murdock's motion to dismiss will be overruled.

The motion for a more definite statement will be granted. It is unopposed and failure to oppose may be taken as implied consent to the court's favorable ruling on the motion.