Thomas E. PROCTOR, 2nd, John Riker Proctor, Esther B. Proctor, Mary P. Case, Emma M. Rice, Geraldine M. Craig, Neil W. Rice, Hilda R. Ayer, Thomas E. P. Rice, and Thomas M. Reynolds, David Broude and Boston Safe Deposit and Trust Company, Trustees under the Last Will and Testament of Thomas E. Proctor, Deceased, Plaintiffs,

v.

THE SAGAMORE BIG GAME CLUB, The Sylvania Corporation, United Natural Gas Company, National Fuel Gas Company, Frank G. Altman, H. P. Boarts, F. E. Carroll, W. L. Carroll, A. J. Eisenhuth, H. U. Flickinger, John W. Flickinger, Bertha E. Jones Shearer, John Rummel, A. C. Thomas, William Walker, D. D. Flickinger, Antonia Johnson, Clyde K. Moore, George C. Schrecongost, R. L. Seger, L. E. Thomas and E. C. Wareham, Defendants.

Civ. No. 12726.

United States District Court,
W. D. Pennsylvania.

Jan. 13, 1955.

886

Herbert R. Carroll, Pittsburgh, Pa., for plaintiffs.

H. P. Boarts, Kittanning, Pa., Gifford, Graham, MacDonald & Illig, Erie, Pa., Frampton & Courtney, Oil City, Pa., for defendants.

WILLSON, District Judge.

Plaintiffs aver that the subject matter of this litigation is the ownership of the natural gas and other minerals in 1100 acres of land, being Warrant No. 5343, situate in Benezette Township, Elk County, Pennsylvania. Elk County is one of those counties comprising the Western District of Pennsylvania.

Briefly stated, the plaintiffs claim to be the owners of the gas in said Warrant by reason of being heirs, next of kin or otherwise successors in ownership of the title acquired by Thomas E. Proctor, who in 1894 owned a fee interest in the property. In 1894, Proctor granted and conveyed the Warrant, excepting and reserving the natural gas, etc. and all other minerals. It is alleged in the complaint that the ownership and right to possession of all the natural gas has been maintained either in Proctor or plaintiffs' predecessors in title from the time of the reservation until presently. It is alleged that the individual defendants are the members of the The Sagamore Big Game Club, who acquired the surface and thereafter leased the land to The Sylvania Corporation, (hereinafter called "Sylvania"), which drilled it and which sold

the gas to the United Natural Gas Company, (hereinafter called "United"), and that National Fuel Gas Company, (hereinafter called "National"), is the holding company which owns the controlling stock interest in both Sylvania, the driller and producer, and United, which purchased the gas on the property. The land is situate on what is known as the Benezette Field and which in recent years has proved valuable for production of gas, so that it is alleged that there has been $3,214,750 worth of natural gas removed from the property on which plaintiffs would be at least entitled to the royalty in an amount equal to one-eight thereof, or the sum of $401,843.75.

All defendants have filed motions to dismiss, assigning numerous reasons. Generally speaking, the motions raise questions of jurisdiction and venue. Also, the motions raise the question that when an action is one of a local nature to enforce a claim to real property in the District, the complaint must be considered as a whole, and if any substantial part of the relief sought cannot be afforded in a suit in rem, without personal service on the defendants, then the action must be dismissed. Specifically, the question is raised whether service under 28 U.S.C.A. § 1655 is sufficient in this case.

■ As to diversity, plaintiffs allege that they are residents and citizens of various States other than Pennsylvania. They reside in the States of Massachusetts, New Hampshire, New York, and one is a resident of Canada. Defendant National is a New Jersey Corporation, which the complaint alleges owns and controls Sylvania and United as its subsidiaries, in that it owns all of the capital stock of each of these corporations and has profited by the operations on the property conducted by the other defendants. Plaintiffs do not allege specifically that this defendant does business within this District or within Pennsylvania but does allege that its principal place of business is Hoboken, New Jersey, Sylvania and United are both Pennsylvania corporations and both of them have principal offices and places of business within this District. Of the eighteen individual defendants, all but four reside within the Western District of Pennsylvania. The four nonresidents reside, one in New Mexico, one in North Carolina, one in Indiana and one in Connecticut.

Thus it appears that the federal court has jurisdiction as there is diversity of citizenship as required by 28 U.S.C.A. § 1332, the parties residing in different States and the amount in litigation being over $3,000, with the further provision that the complaint alleges title to property within this District. The motions require consideration of the venue of the district courts set forth in 28 U.S.C.A., particularly Sections 1391 and 1655. It being certain that none of the plaintiffs reside in this District, and it being apparent that not all of the defendants reside in this District, the question remains whether the Court has venue nevertheless. Plaintiffs point to 28 U.S.C.A. § 1655, and say that the question is one primarily of title which the Court may adjudicate.

■■ The position of defendant National appears distinct and different from the other defendants on the question of venue. Its motion to dismiss will be discussed first.

From the motion and affidavit filed in connection therewith, this defendant is admittedly a New Jersey corporation with its principal place of business at Hoboken, in that State. This defendant is a public utility holding company, registered as such with the Securities and Exchange Commission under the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq., and it claims that its sole business is the holding of voting stocks of corporations which inter alia engage in the business of producing, purchasing, transporting, storing and supplying natural gas from and by use of lands, etc., among which corporations it owns and controls the two defendant corporations, Sylvania and United. The return of service as to this defendant indicates that service upon it was attempted to have been secured by serving on its

Vice President personally at 213 Second Avenue, Warren, Pennsylvania. Another return as to personal service indicates that the summons and complaint were served upon this defendant at its principal office at Hoboken, State of New Jersey. Defendant's motion goes to the question of the legality of the service in view of the admitted facts as to the operation of its business as set forth in the complaint and in the affidavit. In the cause of action against this defendant, plaintiffs seek to accomplish what has been commonly called "piercing the corporate veil." Such a theory of liability rests on an action in personam and not in rem. It is based upon the proposition that as the other two corporate defendants which this defendant owns are responsible to plaintiffs in money damages, then this defendant can be held responsible to plaintiffs because of the domination and ownership of the stock of the other two defendants. Therefore, the fact that the property is in this District and that some of the defendants may be held to answer under Section 1655 does not clothe this Court with the authority to adjudicate any rights involving this defendant under the circumstances presented in this complaint, unless it does business within this State. There is no contention that it does business in this District, except that if ownership of the stock of the two other corporations can be considered as doing business within the purview of the statutes.

 The law is that foreign corporations can be served with process in a State only when doing business therein and such service must be upon an agent who represents said corporation in business. If it be admitted that National does not do business in this District, then the mere fact that service has been had upon the Vice President, either at his home at Warren or while he was in Warren, is of no avail to the plaintiffs. See Peterson v. Chicago, Rock Island & Pacific Railway Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 43 S.Ct. 312, 67 L.Ed. 596; and particularly Consolidated Textile Corp. v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047. Examination of the facts disclosed by this complaint before me indicates that National is not presently doing business in the State of Pennsylvania. It is not, therefore, subject to the service of process in this instance. The mere fact that it owns the stock of two of the other corporate defendants is insufficient. See Peterson v. Chicago, Rock Island & Pacific Railway Co., supra; Consolidated Textile Corp. v. Gregory, supra; and also Kaffenberger v. Kremer, D.C., 63 F.Supp. 924. Therefore, assuming the truth of all facts well pleaded in the complaint and viewing the complaint in the light most favorable to the plaintiffs, the motion of National to dismiss the complaint against it will be granted. See Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 169 F.2d 580.

The remaining motions to dismiss may be considered by groups. In one group is the motion of United and Sylvania. Both these defendants do business in and have their principal offices in this judicial district and no question is raised as to the service upon them. Group II is the motion to dismiss on behalf of the Sagamore Big Game Club and the individual defendants who reside within this judicial district. No objections are raised as to the service upon these defendants. Group III comprises the motions on behalf of four individual defendants, George P. Schrecongost, A. C. Thomas, John W. Flickinger and L. E. Thomas. The latter motions assert that the venue is improper as these defendants do not reside in this judicial district. In the complaint, it is alleged that Schrecongost resides in North Carolina; A. C. Thomas resides in Indiana; Flickinger resides in New Mexico; and L. E. Thomas resides in Connecticut.

 As to the motions made by these nonresident defendants, it is apparent that they must be granted on the ground of improper venue unless the complaint alleges a cause of action within the jurisdiction of the Court, regardless of venue. Generally speaking, venue is determined

by Section 1391. The plaintiffs here are nonresidents. The defendants under discussion are also nonresidents of the District and the State. However, the complaint states, in paragraph 4:

"4. The subject matter of this section is a tract of land, or an estate therein, which lies in Benezette Township, Elk County, Pennsylvania, * * *."

and which is described in paragraph 5 of the complaint as containing 1100 acres of land. Plaintiffs assert that because the real property, being the subject of the suit, is within the district, then 28 U.S.C.A. § 1655 applies. One of the prayers of the complaint is that plaintiffs recover their right, title, interest and estate in Warrant 5343. It has been held in many cases that the provisions of Section 1655, if followed, are an exception to the venue sections and give the Court authority to try a case in an action to enforce any lien or claim to real property within the district. This section provides that when a defendant cannot be served within a state or does not voluntarily appear the *Court may order* the absent defendant to appear or plead by a day certain. The section further provides for the manner of service and in the event that personal service is not practicable, service by publication is authorized. There are many decisions both of the Supreme Court and of the Courts of Appeals of the several Circuits to the effect that service under Section 1655 is proper where real property is the subject of the lawsuit and is situate within the judicial district of a particular court. See Greeley v. Lowe, 155 U.S. 58, 15 S. Ct. 24, 39 L.Ed. 69; Citizens' Savings & Trust Co. v. Illinois Central R. R., 205 U.S. 46, 27 S.Ct. 425, 51 L.Ed. 703; Wilhelm v. Consolidated Oil Corp., 10 Cir., 84 F.2d 739; Weaver v. Atlas Oil Co., D.C., 31 F.2d 484; Carney v. Commonwealth Oil & Gas Co., D.C., 5 F.Supp. 304; and Campbell v. Murdock, D.C., 90 F.Supp. 297.

However, as said by Judge Phillips in Wilhelm v. Consolidated Oil Corp., supra [84 F.2d 746]:

"Unless a defendant is personally served in the district or personally appears, the decree may only affect the property over which the court has jurisdiction."

This is so because Section 1655 authorizes a limited jurisdiction over the property only. If the remedy sought by plaintiffs is clearly one in personam, then the powers of the court cannot be exercised under Section 1655. But the primary relief sought by the plaintiffs here is the determination of the title to the natural gas under the land. It is true the complaint contains prayers for other relief, especially for money damages. There is authority for the principle that under Section 1655, providing for service on an absent defendant in actions in rem, if defendant appears specially or otherwise, the court may try the entire controversy between the parties and enter an in personam judgment against the defendant which goes beyond property that is the subject of the suit. See Anderson v. Benson, D.C., 117 F.Supp. 765; Campbell v. Murdock, supra; Bede Steam Shipping Co. v. New York Trust Co., D.C., 54 F.2d 658. However, it is believed the best view on this subject is the decision in McQuillen v. National Cash Register Co., 4 Cir., 112 F.2d 877, 881, where Judge Dobie says:

" * * * the federal courts are courts of limited jurisdiction, and as there are many federal statutes dealing with these courts in such fields as venue and process and jurisdiction, it is highly important that litigants should be permitted to raise many seemingly technical questions by a special appearance in limine; * * *."

He concludes that an appearance, in order to move that the jurisdiction of the court be limited to in rem proceedings, is not a general appearance for all purposes. I agree.

■ However, the vital point with regard to the motions of the third group is that the record fails to indicate that Section 1655 was followed by the plaintiffs in securing service upon the nonresident defendants. In fact, the return shows service by the respective Marshals in the districts where these defendants reside. Such procedure is not authorized. A situation is presented where the situs of the property is within the district but that the four defendants named have not and cannot be served within the State and have not voluntarily appeared. There has been no application to require the absent defendants to appear or plead by a day certain, as set forth in the statute. As this Court sees it, the provisions of Section 1655 are a substitute for venue, but unless followed, there is no venue. Under the present record, the said four nonresident defendants are entitled to have the service made against them set aside as not being the service authorized under Section 1655. This raises the point whether failure to follow the provisions of Section 1655 is a defect which may be corrected. In my opinion it may be. An appropriate order will be entered.

■ Sylvania, United and the other resident defendants in general raise the proposition that as substantial relief in personam is sought in the complaint, that is the claim for money damages, the claim for accounting, and that a trustee be appointed, etc., and as not all defendants reside in the district, there is no venue as to any defendants and therefore no relief in personam can be granted. This was the proposition posed in Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L. Ed. 997. The Supreme Court held there that in an action on contract brought against resident and nonresident defendants, the exemption of the nonresident defendant from suit, under judicial code, then Section 51, (now Section 1391), is personal to him and cannot be availed of by his co-defendants. Thus, corporate and individual defendants who are in this

District and are subject to decrees in personam may not, under Camp v. Gress, take advantage of the fact that not all of the relief prayed for in the complaint can be afforded against all the defendants. The title to the gas in this case can be tried under the rem feature of this lawsuit, if the service is corrected. The problem of the extent of the decree in personam may be held in abeyance until the point is reached where that question must be decided, but in the first instance, the motions to dismiss filed by Group III will be refused.

■ One remaining matter requires discussion. Defendants raise the sufficiency of the allegations in the complaint. More specifically, defendants say that plaintiffs should be required to attach to the complaint or to incorporate therein an abstract of the title on which they rely. Plaintiffs say the complaint is sufficient under the general rules of pleading, Rule 8 of the Rules of Civil Procedure. As to the subject matter of the suit, the complaint sets forth the plaintiffs, describes the land, and alleges the ownership in Proctor, Sr. in the first instance. In paragraph 6, plaintiffs allege that Warrant 5343 has been assessed for taxes as unseated land and that the taxes have been paid thereon as such from year to year by the several successive owners of the Warrant. The exception and reservation in plaintiffs and their predecessors in title is averred and that by reason thereof ownership and right of possession of the natural gas was retained in Proctor, Sr. and now is in plaintiffs. It is averred that the defendants, or some of them, with knowledge, or by the exercise of reasonable, ordinary and prudent care and diligence, which takes the place of knowledge, as to plaintiffs' title to the natural gas, nevertheless leased, produced, etc. depriving plaintiffs of their property. In an action of ejectment under Pennsylvania state practice, Rule 1054, Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, requires a party to set forth in his pleading an abstract

of the title upon which he relies at least from the common source of the adverse titles of the parties. Thus, in the state courts the issue is reached by comparison of the abstracts set up by each of the parties. From the motions and at argument it appears that counsel for the defendants say that the issue here should be reached in the same manner. The argument seems to be that as the gas was severed from the surface in the year 1894, plaintiffs should now be required to set forth in detail an abstract of title. This assumes, of course, that such an abstract would reveal something of interest to the defendants by way of, for instance, a tax sale or some transaction which would prima facie deprive plaintiffs of ownership. However, the federal rules do not require plaintiffs to plead in such a fashion. On the face of the complaint, plaintiffs have shown a title and cause of action. Defendants seek a more definite or detailed statement. However, the complaint as this Court views it, sets forth a short and plain statement of the grounds upon which plaintiffs rest their claim for relief. Plaintiffs set forth the deed under which they claim to rely and the succession by which ownership is passed from Proctor, Sr. to them. They aver that the taxes have been paid. It appears that if there is a weakness or insufficiency in plaintiffs' title, defendants must raise such imperfections by an answer to the complaint. The merits are not reached in this discussion. If, however, it appears from the complaint that plaintiffs' title is founded on the exception of the gas made in 1894, and that there is no other written instrument on which plaintiffs rest their title, then defendants may controvert plaintiffs' title by a short and plain statement in their answer, which fairly meets the substance of the averments of the complaint. Either party may then secure all relevant information as to any conveyances or possible transfers by use of the discovery rules under federal practice.

Appropriate orders will be entered.