Ralph A. VARONE, Defendant-Appellant,

v.

Alice E. VARONE, Plaintiff-Appellee.

No. 16375.

United States Court of Appeals
Seventh Circuit.

Jan. 29, 1968.

---

Ralph A. Varone, pro se.

John M. Moelmann, Paul L. Pawlowski, Chicago, Ill., for appellee.

Before DUFFY, Senior Circuit Judge, SCHNACKENBERG and CASTLE, Circuit Judges.

DUFFY, Senior Circuit Judge.

This case is here for the second time. This suit was originally brought in the Circuit Court of Cook County, Illinois, to enforce a Michigan divorce decree. Defendant removed the case to the United States District Court for the Northern District of Illinois, pursuant to the provisions of Title 28 U.S.C. § 1441.

On August 20, 1965, the District Court ordered summary judgment in favor of the plaintiff which decreed that the Michigan divorce be established as a foreign judgment, and that such judgment be given full faith and credit, and that defendant, Ralph Varone, execute and deliver deeds to certain real estate located in Illinois. The order also provided that the District Court retain jurisdiction for the purpose of enforcement.

Just prior to the bringing of the divorce action in Michigan, Mr. Varone moved to Illinois and later moved to the District of Columbia. He appealed pro se from the order by the District Court dated August 20, 1965. This Court affirmed the judgment of the District Court and held that Mr. Varone could not collaterally attack the Michigan decree.[1]

Following remand to the District Court, Mr. Varone continued to fail or refused to execute the deeds to the Illinois real estate. The District Court ordered him to execute the deeds and when Mr. Varone did not do so, the Court appointed Elbert A. Wagner, Clerk of the District Court, as Special Commissioner, in accordance with Rule 70 of the Federal Rules of Civil Procedure, to execute special deeds conveying Mr. Varone's interest in the properties. Such deeds were executed and registered.

For some time after the first appeal, Mr. Varone continued to collect rents from the Illinois property. The District Court entered an order requiring him to cease and desist such practice. He was ordered to pay $260 to Mrs. Varone in partial payment for certain rents received. On October 28, 1966, Mr. Varone was held in contempt by the District Court.

After the appointment of the Clerk of Court to execute the special deeds, and after contempt proceedings had been instituted, Mr. Varone filed in the District Court, certain quit claim deeds conveying the Illinois property. Mrs. Varone is now receiving the rents from such properties.

In addition to the transfer of Illinois real estate, the Michigan divorce decree provided that Mr. Varone pay to Mrs. Varone, child support and alimony. After the first appeal, Mrs. Varone petitioned the District Court for an order requiring Mr. Varone to pay the alimony and child support arrearage, attorneys fees and costs, and rental payments received by Mr. Varone from the time of the divorce.

On November 18, 1966, the District Court held a hearing on these matters. Mr. Varone received written notice of this hearing but he did not appear. The District Court entered a judgment against Mr. Varone for $24,017.11, and also entered a finding that it had "in personam jurisdiction of the parties."

Mr. Varone appeared pro se on this appeal. He apparently personally prepared his main brief and appendix. We also permitted him to file a 44-page "oral argument and memorandum" which he closely followed in presenting his oral argument here. We have read this document.

Defendant's principal argument is that the Circuit Court of Cook County, Illinois, and the United States District Court for the Northern District of Illinois, lacked in personam jurisdiction over him because he claims his name was omitted from

---

1. Varone v. Varone, 359 F.2d 769 (7 Cir., 1966).

the list of persons to be served with the summons issued by the Cook County Circuit Court, and that he was not served with a summons. It is pertinent to note that this list of names was only an aid to the Cook County process server. It had no legal consequences.

In his petition for removal to the United States District Court, Mr. Varone represented and stated that he is "the defendant named in the action * * *" and that he is "the only indispensible and necessary party named as defendant in said Court."

Defendant also alleged that he was a citizen of the District of Columbia with a business address at No. 1411 North Linder Avenue, Chicago, Illinois. In his petition for removal, defendant Varone referred to the Michigan divorce decree and asserted: " * * * said foreign judgment is not entitled to 'full faith and credit' under Article IV of the federal Constitution."

In his prayer for relief, defendant urged that " * * * the suit so commenced in Chancery Division of the Circuit Court for Cook County, Illinois * * * should be removed therefrom to this Court for trial and thereupon proceed as a cause originally commenced therein. * * *" After removal, the first pleading filed by defendant's counsel was a motion to dismiss which was considered by the District Court as a motion for summary judgment under Rule 12(b) of the Federal Rules of Civil Procedure. The motion to dismiss did not contest the jurisdiction of the Court over Mr. Varone.

Mrs. Varone filed a counter motion for summary judgment. Various briefs were filed. Neither Mr. Varone nor his counsel contested the jurisdiction of the District Court over defendant Varone.

Prior to the first appeal, and shortly after his counsel withdrew, Mr. Varone filed, without leave of the Court, an answer to the complaint. In this answer, Mr. Varone did not contest the jurisdiction of the District Court over his person. Indeed, he asked the Court to deny plaintiff's motion for summary judgment and that the "matter should be set down for trial on the merit[s]." We hold that Mr. Varone's failure to raise the defense of lack of jurisdiction over the person in any of his initial pleadings has resulted in a waiver of that defense under Rule 12(b) and (g) of the Federal Rules of Civil Procedure.

In Graff v. Nieberg, 233 F.2d 860, 865 (7 Cir., 1956) we said "* * * It would seem clear that defendants, by entering their general appearance in moving to dismiss, waived any right, if they ever had any, to question jurisdiction over their persons. The right to be sued in a certain place is a matter of privilege. It may be waived."

Time after time Mr. Varone sought the jurisdiction and power of the Court in an attempt to obtain relief. He filed various petitions in the District Court seeking "protective" orders in response to plaintiff's motions for contempt proceedings. He sought to file an accounting with reference to expenses incurred in maintaining and operating the Illinois properties. Pursuant to court order, he made a small payment to Mrs. Varone. He did many things which were entirely inconsistent with his present claim that the District Court did not have in personam jurisdiction.

We approve of the statement of the Court in Campbell v. Murdock et al., 90 F.Supp. 297, 299 (N.D.Ohio, E.D., 1950) "It should also be noted that this objection to jurisdiction (in personam) may be waived, and it is waived when defendant appears and pleads to the merits or raises any other issue which requires the action of the court other than what is necessary to determine jurisdiction."

We hold that the defense of lack of personal jurisdiction which was not raised by the defendant until after the first appeal, must be and is overruled.

The motion filed by plaintiff-appellee to dismiss the appeal was taken with the case. The motion is denied.

The judgment of the District Court dated November 18, 1966, is

Affirmed.