## LUMIERE v. MAE EDNA WILDER, INC.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 242. Argued January 18, 1923.—Decided February 19, 1923.

Under the provision of the Copyright Act that suits " may be insti-
tuted in the district of which the defendant or his agent is an
inhabitant, or in which he may be found," jurisdiction cannot be
acquired over a corporation in a district where it has no office and
does no business, by serving process on its president while there
temporarily and not on business of the corporation. P. 177.

Affirmed.

APPEAL from an order of the District Court quashing service of a subpœna *ad respondendum*.

*Mr. Williams S. Evans* for appellant.

We contend that the plain intent of Congress was, not only to give jurisdiction to the court of the district where the defendant or his agent was a resident, but also to that of any district in which the defendant or his agent may be found. The punctuation plainly shows that two contingencies were considered. One, the residence of the defendant or his agent, and two, the place where the defendant or his agent was found and served with process.

We contend that the word " he " in the last clause refers to the " defendant or his agent " and that it means that civil actions under the copyright law may be instituted in the district in which the defendant's agent is found in the sense that he is served with process.

Any other interpretation with respect to a corporation would be impossible, since one can find or serve a corporation only in the person of its agent.

We are not unmindful of the many decisions under the anti-trust, the patent and similar statutes, which

have determined that a corporation is not "found" in a district when one of its officers is temporarily in the district, even though he be conducting some incidental business of the company. The distinction between the statutes on which these decisions have been made and the statute at bar is, that, at bar, by the very language of the statute ·it is provided that one can serve either the defendant or his agent, where either resides or is found, whereas this language is not used in any of the other statutes under consideration.

The manifest purpose of this enactment was to increase the protection that the Copyright Act was designed to provide for authors,—make it as convenient as possible for them to enforce their rights.

If it was not the intention to change the status pro-vided by § 52, Jud. Code, this section of the Copyright Act would be unnecessary.

Cases decided under § 52, Jud. Code, can have no application, for jurisdiction under that section is limited to the district where the defendant "resides."

Cases under the Sherman Act are not in point for the language there is, "the district in which the defendant resides or is found or has an agent." Having an agent in a district plainly means something definite and permanent and is distinctly in contrast with the situation where service may be made in the district where the "defendant or his agent resides or in which he may be found."

Cases under the patent law, Jud. Code, § 48, are not in point. The language of that section is "the district courts of the United States shall have jurisdiction . . . in the district of which the .defendant is an inhabitant, or in any district in which the defendant . . . shall have committed acts of infringement and have a regular and established place of business." The distinction is manifest.

The words of this act should be given their plain and usual meaning.

*Mr. Frederick F. Church* for appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts. Judicial Code, § 51. The Copyright Act provides that suits " may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found." Act of March 4, 1909, c. 320, § 35, 35 Stat. 1075, 1084. Whether under this section a valid service was made upon defendant is the only question for decision.

New York is divided into four federal judicial districts. Judicial Code, § 97. Lumiere, a citizen and resident of New York City, in the Southern District, brought, in the federal court for that district, this suit to enjoin the infringement of a copyright by publications in that city. The defendant, Mae Edna Wilder, Inc., is a New York corporation with its place of business in Rochester, in the Western District. It was not an inhabitant of the Southern District. It had no place of business there. It had no agent or employee there authorized to carry on business on its behalf. It transacted no business there. The only service of process made was by delivering to Mr. Adkin, who was its president, a copy of the subpoena while he was temporarily in New York City. He was not an inhabitant of the Southern District; and it was not shown that he was there on business of the company. The defendant, appearing especially for the purpose of objecting to the jurisdiction of the court, moved to quash the service on the ground that it was not amenable to process. The motion was granted; and the case is here on appeal

under § 238 of the Judicial Code, the question of jurisdiction having been duly certified.

That jurisdiction over a corporation cannot be acquired in a district in which it has no place of business and is not found, merely by serving process upon an executive officer temporarily therein, even if he is there on business of the company, has been settled. *Philadelphia & Reading Ry. Co.* v. *McKibbin,* 243 U. S. 264; *Rosenberg Bros. & Co.* v. *Curtis Brown Co.,* 260 U. S. 516; *Bank of America* v. *Whitney Central National Bank, ante,* 171. The contention here is that jurisdiction was obtained over the defendant because its president is an agent within the meaning of the statute and was personally found in New York City. If such facts are sufficient to give jurisdiction, a suit upon a copyright may be brought in any district of the United States in which one who is an officer or an agent of a defendant is served with process; although neither plaintiff nor defendant has his residence or a place of business there, and although the copyright was not infringed there. It is not to be lightly assumed that Congress intended such a thing. Compare *In re Keasbey & Mattison Co.,* 160 U. S. 221; *Macon Grocery Co.* v. *Atlantic Coast Line R. R. Co.,* 215 U. S. 501; *Ladew* v. *Tennessee Copper Co.,* 218 U. S. 357.

Ordinarily a civil suit to enforce a personal liability under a federal statute can be brought only in the district of which the defendant is an inhabitant. Judicial Code, § 51. In a few classes of cases, a carefully limited right to sue elsewhere has been given. In patent cases it is the district of which the defendant is an inhabitant or in which acts of infringement have been committed and the defendant has a regular and established place of business. Judicial Code, § 48; *W. S. Tyler Co.* v. *Ludlow-Saylor Wire Co.,* 236 U. S. 723. In cases under the anti-trust laws, it is where the defendant " resides or is found or has an agent; " (Act of October 15, 1914, c. 323, § 4, 38 Stat.

730, 731); and in the case of corporations, the " district whereof it is an inhabitant " or " any district wherein it may be found or transacts business." § 12, p. 736. It is not reasonable to conclude that Congress intended in copyright cases to give a right far greater than these. Agent is a word used in the law in many senses. What it means in a statute is to be determined from the context and the subject-matter. The president of a business corporation is, commonly, authorized to represent it for many purposes; and it may often be said properly that he is acting as its agent. But induction into office does not impress upon a person the status of agent of the corporation, so that he must be deemed its agent in every jurisdiction which he happens to enter, although the corporation transacts no business there and he is not there in any way representing it. The service of process made upon Mr. Adkin was, clearly, not service upon an agent of the corporation within the meaning of the Copyright Act.

As there is in this case only one defendant, the provision concerning suits in States which contain more than one federal judicial district can have no application. See Judicial Code, § 52; *Camp* v. *Gress,* 250 U. S. 308, 314. Whether, under the Copyright Act, service upon an agent would be effective as upon one " found," if it appeared that the agent when served was transacting some business for defendant within the jurisdiction, but was there only temporarily and had his residence and place of business elsewhere, is a question which we need not decide in this case.

*Affirmed.*