## HEINE CHIMNEY CO. v. RUST ENGINEERING CO.

(Circuit Court of Appeals, Seventh Circuit. April 27, 1926.)

No. 3701.

Patents ⟊288—Foreign corporation doing no business or act of infringement within state, by obtaining authority to do business within state and naming place of business and agent on whom service could be had, held not to have waived right to object to venue in patent infringement suit (Judicial Code, § 48 [Comp. St. § 1030]).

Foreign corporation, doing no business or act of infringement, although having obtained authority to do business within state, naming place of business therein, and having agent on whom service could be had, *held* not to have waived its right to object to venue, fixed in Judicial Code, § 48 (Comp. St. § 1030), relative to patent infringement suit.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Heine Chimney Company against the Rust Engineering Company. Decree for defendant, and plaintiff appeals. Affirmed.

Joshua R. H. Potts, of Chicago, Ill., for appellant.

Geo. L. Wilkinson, of Chicago, Ill., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Appellee, a Delaware corporation, did no business or act of infringement in the Northern district of Illinois, where it was sued by appellant, an Illinois corporation, on the theory that it had waived its right to object to the venue, fixed in section 48 of the Judicial Code (Comp. St. § 1030) by obtaining authority to do business in Illinois, naming a place of business in that state and an agent upon whom service could there be had.

Those facts do not constitute a waiver. Keasbey & Mattison Co., 160 U. S. 221, 229, 16 S. Ct. 273, 40 L. Ed. 402. It will serve no good purpose to discuss this question further, except to say that, from a study of the Hohorst Case, 150 U. S. 653, 14 S. Ct. 221, 37 L. Ed. 1211, relied upon by appellant as

supporting his contention (and many other cases easily found in the books bearing upon the question), in connection with the statutes relating to jurisdiction and venue, it is found that the dismissal by the District Court must be affirmed. Section 48 was not enacted until 1897 (29 Stat. p. 695). In Lumiere v. Wilder, Inc., 261 U. S. 174, 177, 43 S. Ct. 312, 313, 67 L. Ed. 596, the Supreme Court said:

"Ordinarily a civil suit to enforce a personal liability under a federal statute can be brought only in the district of which the defendant is an inhabitant. Judicial Code, § 51. In a few classes of cases, a carefully limited right to sue elsewhere has been given. In patent cases it is the district of which the defendant is an inhabitant, or in which acts of infringement have been committed, and the defendant has a regular and established place of business. Judicial Code, § 48; W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723 [35 S. Ct. 458, 59 L. Ed. 808]."

The decree of the District Court is affirmed.