## AUTOMOTIVE EQUIPMENT, Inc., v. TRICO PRODUCTS CORPORATION, Inc.

District Court, S. D. New York.
April 2, 1935.

corporation with its principal place of business in the Eastern District of New York; that the defendant is a New York corporation with a "principal or other" place of business in this district; that jurisdiction rests on the Declaratory Judgment Act and on the patent laws. For a cause of action, it is alleged that the plaintiff manufactures and sells windshield wipers that do not infringe any patents, some of such wipers being sold in this district; that the defendant also manufactures and sells windshield wipers, in competition with the plaintiff; that the defendant claims ownership of some fourteen patents for windshield wipers, but that such patents are actually invalid; that the defendant has threatened the plaintiff's customers with infringement suits, to the plaintiff's damage, but has refrained from suing the plaintiff itself although invited to do so; that there is an actual controversy relative to the defendant's patent rights; and that the plaintiff has no adequate or complete remedy save by suit for declaratory judgment. The relief prayed for is that there be declaratory judgment that the plaintiff's products do not infringe the defendant's claimed patents, that the defendant's claimed patents are invalid, and that the plaintiff has the right to manufacture and sell its products without molestation by the defendant.

On the motion to quash for lack of jurisdiction, both parties submitted affidavits relative to the defendant's course of business. As for the principal place of business, the showing is conclusive that it is not here but in Buffalo, that is to say, in the Western District of New York. The defendant's certificate of incorporation gives Buffalo as the principal place of business, and it is in Buffalo that the manufacturing, selling, and management are carried on. The facts as to the defendant's activities in this district are not so clear cut. No sales are made here, though orders are solicited here. There is an office at 149 Broadway in this city, which the plaintiff asserts is an office of the defendant. The defendant is listed in the telephone directory at that address; its name is also carried in the building directory at 149 Broadway. A bank at which the defendant keeps an account, as well as a concern furnishing financial information, have stated that the defendant has a New York office at 149 Broadway. But the defendant says that the office is in reality that of one Evans, who is secretary of the defendant; that Evans uses the office for his personal busi-

Dean, Fairbank, Hirsch & Foster, of New York City (Franklin J. Foster, of New York City, of counsel), for petitioner.

Prindle, Bean & Mann, of New York City, for respondents.

PATTERSON, District Judge.

The motion is by the defendant to quash service of process for lack of jurisdiction.

The suit is brought under the Declaratory Judgment Act of June 14, 1934 (Jud. Code § 274d, 28 USCA § 400). The plaintiff's pleading, styled a petition, opens with allegations that the plaintiff is a New York

ness and that of another concern; that the defendant does not pay the rent or the salaries of the persons working there, nor does it contribute to the upkeep of the office. Evans' name is on the door, not the defendant's. The defendant's products are not kept in stock or sold at this office; but the defendant does not say that none of its business is transacted in the office. The defendant's stationery carries Buffalo as its general office; it mentions an office at Detroit; it also has the statement: "Office of the Secretary, 149 Broadway, New York City." The defendant has a bank account in one of the local banks. A local trust company acts as transfer agent of its stock, which is listed on the New York Stock Exchange, and another local institution acts as registrar.

1. The Declaratory Judgment Act of June 14, 1934 (Judicial Code, § 274d, 28 USCA § 400), reads:

"(1) In cases of actual controversy the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

█ The act is, of course, limited in its operation to cases which from their nature or from diversity of citizenship of the parties are controversies of which the United States courts have jurisdiction. It will be assumed that the present case presents no difficulties on that score, on the ground that it is a case arising under the patent laws and therefore is within the jurisdictional limits of the District Court generally. Judicial Code, § 24 (7), 28 USCA § 41 (7). The constitutionality of the act may also be assumed for purposes of this case. The question raised here relates to the power of the District Court of this district to entertain the case over the defendant's protest. The act is silent as to what court shall have venue in cases brought under it.

█ 2. The rule of venue in the federal courts, aside from exceptional cases governed by particular statutes and not involved here, is found in section 51 of the Judicial Code (28 USCA § 112). By virtue of that act the suit must be brought in the district whereof the defendant is "an inhabitant," with the qualification that suits founded solely on diversity of citizenship may be brought either in the district where the plaintiff resides or in the district where the defendant resides. This suit not resting on diversity of citizenship, it may not be brought in any district but that of which the defendant is an inhabitant.

█ A corporation is an "inhabitant," in the sense of section 51, only in the state of incorporation. Shaw v. Quincy Mining Co., 145 U. S. 444, 12 S. Ct. 935, 36 L. Ed. 768. Where the state of incorporation has more than one district, the habitation is in the district in the state where the principal place of business is located, and in that district only. Judicial Code, § 52 (28 USCA § 113); Galveston, etc., R. Co. v. Gonzales, 151 U. S. 496, 14 S. Ct. 401, 38 L. Ed. 248; Lumiere v. Wilder, Inc., 261 U. S. 174, 43 S. Ct. 312, 67 L. Ed. 596. The principal place of business of this defendant being in the Western District, the District Court in the Southern District has no power to hear the case over the defendant's protest.

█ I am mindful that section 51 was for a time construed as applicable only to cases where the federal courts had jurisdiction concurrent with the state courts, and it was thought that a suit wherein the federal courts had exclusive jurisdiction might be maintained in any district where the defendant could be "found." See In re Hohorst, 150 U. S. 653, 661, 14 S. Ct. 221, 37 L. Ed. 1211. This doctrine was discountenanced, however, in Macon Grocery Co. v. Atlantic Coast Line R. Co., 215 U. S. 501, 30 S. Ct. 184, 54 L. Ed. 300, where the general venue act was held applicable to causes of action within the exclusive jurisdiction. Following the Macon Grocery

Case, it has been definitely ruled that a case arising under the patent laws and not controlled by special provision is governed by section 51 and cannot be brought in any district other than that whereof the defendant is an inhabitant. Arbetter Felling Mach. Co. v. Lewis Blind Stitch Mach. Co., 230 F. 992 (C. C. A. 7). That case is regarded as controlling here.

But if there is vitality still in the doctrine that a case in the exclusive jurisdiction of the federal court and not controlled by special provision may be brought wherever the defendant is "found" (the Hohorst Case was referred to on this point as late as General Electric Co. v. Marvel Co., 287 U. S. 430, 434, 53 S. Ct. 202, 77 L. Ed. 408), the result in the instant case is not changed. While the case must be classed as a close one on whether the defendant is "found" in this district, the later cases in this circuit which are analogous on the facts indicate that the defendant is not doing business here sufficiently to be subject to service of process. Davega, Inc., v. Lincoln Furniture Co., 29 F.(2d) 164 (C. C. A. 2); Hutchinson v. Chase & Gilbert, 45 F.(2d) 139 (C. C. A. 2).

3. The plaintiff bases its argument on the special provision for venue in patent infringement cases. By the act of March 3, 1897, now section 48 of the Judicial Code (28 USCA § 109), the venue "in suits brought for the infringement of letters patent" is in the district of which the defendant is an inhabitant or in any district in which "the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business." The argument is not impressive. This case is not one "brought for the infringement of letters patent"; it is brought for a decision that there is no infringement. Moreover, the requirement of infringement committed by the defendant in the district is altogether inapplicable to a case where it is not claimed that the defendant has infringed anywhere. It is plain that section 48 does not cover a suit for declaratory judgment to obtain a determination that the plaintiff is not infringing the defendant's claimed patents.

The plaintiff's fears that an unscrupulous patentee might evade justice by transferring his patents to an alien holding corporation, intimidate the trade from local offices, and escape a suit like the present one are groundless. An alien corporation may be sued in any district where it does business and where valid service can be made. The statutes relative to venue impose no restrictions in such a case. In re Hohorst, supra; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964. See, also, Galveston, etc., R. Co. v. Gonzales, supra, 151 U. S. 496, 503, 14 S. Ct. 401, 38 L. Ed. 248; In re Keasbey & Mattison Co., 160 U. S. 221, 229, 230, 16 S. Ct. 273, 40 L. Ed. 402.

The case is not within the venue of this court. The motion to quash service will accordingly be granted.