## CARGILL v. MARK'S CREDIT CLOTHING CO., Inc.

District Court, S. D. New York.
June 9, 1939.

726

Florea & Florea, of New York City (Morris H. Wolsky, of New York City, of counsel), for plaintiff.

Percy Freeman, of New York City, for defendant.

LEIBELL, District Judge.

Defendant appears specially and moves for an order quashing the service of the summons in this action which is based on an alleged infringement of plaintiff's copyright. It is not claimed that any act of infringement took place in this District.

The defendant corporation is a citizen and resident of Illinois, having been incorporated under the laws of Illinois and maintaining its principal office and five stores in the City of Chicago, where it retails men's, women's, children's, misses' and infants' ready-to-wear clothing. Its vice-president, Abraham Wax, is a resident of Chicago, Illinois, and his place of business is with the defendant in Chicago. On March 20, 1938, he was in the Borough of Manhattan, City of New York, transacting some business for defendant as its "buyer" of men's and boys' clothing and while here he was served with the summons in this action.

The venue of a suit for infringement of copyright is fixed by Section 35 of the Copyright Act, 17 U.S.C.A. §35, which provides: "§35. District in which actions may be brought. Civil actions, suits, or proceedings arising under this title may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found. (Mar. 4, 1909, c. 320, § 35, 35 Stat. 1084.)"

In Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 43 S.Ct. 312, 313, 67 L.Ed. 596, it was contended by plaintiff that jurisdiction was obtained over a foreign corporation because its president was an "agent" within the meaning of the statute and was personally "found" in New York and served with process. He was not there on any business of the corporation at the time of service. The corporation itself was not "found" within the district. The service was held defective.

The question presented for decision on the present motion is the very question that was expressly not decided in Lumiere v. Mae Edna Wilder, Inc., supra, where Justice Brandeis wrote: "Whether, under the

Copyright Act, service upon an agent would be effective as upon one 'found,' if it appeared that the agent when served was transacting some business for defendant within the jurisdiction, but was there only temporarily, and had his residence and place of business elsewhere, is a question which we need not decide in this case."

In Haskell v. Aluminum Co. of America, D.C., 14 F.2d 864, 867, Judge Brewster discusses a number of Supreme Court cases defining the term "found", as used in reference to a foreign corporation's presence in a state, so as to be amenable to process served in that state. He states the principle to be derived therefrom as follows:

"Under these decisions, a foreign corporation might 'transact business' in the usual acceptation of the words, and still not 'be found' in the state where the business was transacted. Whether it was within the state, so as to be amenable to process therein, depended upon the character and extent of the business that was carried on; the general rule being that the nature and character of the business must be such 'as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted.' People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537.

\* \* \*

" In both the Alexander [St. Louis Southwestern Railway Co. of Texas v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B, 77] and the American Tobacco Co. Cases, supra, the courts observed that the question must be decided in each case and upon the particular facts of that case. See Washington-Virginia Railway Co. v. Real Estate Trust Co., 238 U.S. 185, 34 S.Ct. 818, 59 L.Ed. 1262."

In James-Dickinson Farm Mortg. Co. v. Harry, 273 U.S. 119, 122, 47 S.Ct. 308, 309, 71 L.Ed. 569, Mr. Justice Brandeis wrote: "By these pleadings it was admitted that the residence and principal place of business of the corporation was in Missouri; that it had never been a resident of Illinois; that Dickinson, its president, was in Illinois on business of the corporation at the time of the service; but that it had not engaged in, or carried on, business within the state. Jurisdiction over a corporation of one state cannot be acquired in another state or district in which it has no place of business and is not found, merely by serving process upon an executive officer temporarily therein, even if he is there on business of the company. Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; Bank of America v. Whitney Central National Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594; Lumiere v. Mae Edna Wilder, 261 U.S. 174, 177, 43 S.Ct. 312, 67 L.Ed. 596."

Mr. Wax, vice-president of this defendant, makes affidavit as follows:

"Affiant further states that he has no residence in the City of New York; that the defendant corporation has no branch office, bank account, telephone, telephone listing, or office of any kind or nature in the City of New York or elsewhere in the Southern district of New York or anywhere outside the City of Chicago; that all business purchases and payments are made from the main office of defendant corporation at 6409 S. Halsted Street, Chicago, Ill.; that all orders for merchandise placed by any commission buying office for the defendant corporation are followed up from the main office in Chicago, and confirmed direct from the Chicago office direct to the manufacturers from whom the purchases were made. The defendant corporation has no contractorial relationship whatever with any buying office in New York, and the buying offices through whom they buy merchandise obtain their commissions from the manufacturers whose goods the defendant corporation purchases through them. The buying office receives no consideration whatever from the defendant corporation.

\* \* \*

" \* \* \* that the only place where the name of the defendant corporation does appear is inside of the office of the Associated Budget Retailers of America, Inc. at 450 Seventh Avenue, N.Y.C., where it appears on one of the doors to a cubicle, having been placed there by the buying office for the convenience of manufacturers' salesmen who come there to sell merchandise, and merely to indicate that the Mark's Credit Clothing Co. Inc. of Chicago, the defendant herein, is one of their accounts;

\* \* \*

\* \* \*

"Affiant further states that its buying of merchandise is not confined to any particular commission buying office but the corporation buys merchandise all over the

country and through various buying offices, as well as direct from manufacturers. Defendant corporation pays no fees of any kind to any of the buying offices through which merchandise is purchased, and that all such buyers or buying offices work as commission merchants or as direct agents of manufacturers from whom defendant corporation buys merchandise.

\* \* \*

"Affiant further states that notwithstanding he is Vice President of the Mark's Credit Clothing Co. Inc., the defendant herein, his sole duties within the Southern District of New York, are to buy merchandise for delivery to and sale from the retail stores of the Corporation located in Chicago, Ill."

Mr. Cohan, president of the Associated Budget Retailers of America, Inc., makes affidavit as follows: "All orders that our corporation places for any of our accounts are only tentative orders and must be confirmed by our account, the customer who is doing the buying, and no manufacturer with whom we place an order for an account is required to ship any merchandise until confirmation is received by the manufacturer from the account or customer. Each manufacturer checks his own credit and deals directly with the client or account, receiving all checks in payment for merchandise directly from said client, \* \* \*."

The above quoted statements are uncontradicted. Plaintiff has not filed any opposing affidavit.

■ When a foreign corporation, engaged in business as a retailer in another district, places orders for the purchase of merchandise from wholesalers within this district, through a buyer who comes here at regular intervals for that purpose, or through so-called resident buyers, such as the Associated Budget Retailers of America, Inc., the foreign corporation is not, in my opinion, doing business within this district so as to be considered as "found" here, within the meaning of Section 35.

■ Defendant argues that Section 35 refers only to a defendant "found" within the district and not to a defendant's "agent". I am of the opinion that it includes both, so that if either a defendant or a defendant's agent is "found" within the district and served with process in the copyright suit, the service would be proper. The report of the committee of the House of Representatives on this section, when the Bill was up for enactment, so indicates. Further, it is hardly likely that in the Lumiere v. Mae Edna Wilder, Inc., case, supra, Justice Brandeis would have given any consideration to the question of whether the president of a defendant corporation was its "agent" within the meaning of Section 35, unless both the defendant and the agent were intended by the pronoun "he" in the last clause of Section 35.

■ Was Mr. Wax in the present case an "agent" of the defendant within the meaning of Section 35? He was the vice-president of defendant and a buyer of men's and boys' clothing and furnishings for its five Chicago stores. He was in New York City for the purpose of meeting manufacturers, examining samples of their merchandise and placing orders. Mr. Wax makes frequent trips to New York for the purpose of buying merchandise for the Chicago stores; some of his purchases are direct from manufacturers, while others are made through commission buying offices. He is not a mere employee on a single business trip into this district. I think he was an "agent" of the defendant.

■■ Was he "found" here, when he was served with process? Does the word "found" have the same meaning when applied to a defendant's agent as when applied to a defendant himself? I think it means the same thing in each instance. On the facts set forth in the moving affidavits, which stand uncontradicted, I am of the opinion that the agent, Wax, was not "found" within this district, as that term has been defined by the Supreme Court, when he was served with the summons in this action.

The case is not within the venue of this Court. The motion to quash the service of the summons will accordingly be granted. Submit order on notice.