## DEUTSCH et al. v. TIMES PUB. CORPORATION et al.

District Court, S. D. New York.

May 17, 1940.

Morton A. Roth, of New York City (Max Chertok, of New York City, of counsel), for plaintiffs.

Townley, Updike & Carter, of New York City (Stuart N. Updike, of New York City, of counsel), for defendant Times Pub. Corporation.

MANDELBAUM, District Judge.

The defendant, Times Publishing Corporation, moves to dismiss the complaint, or in lieu thereof, to quash the return of service of summons. The grounds in support of this motion are: a. That the defendant, Times Publishing Corporation, an Illinois corporation, was not subject to service of process within the Southern District of New York, and b. that it was not properly serviced with process.

The action is for damages for the infringement by the defendant corporation of a certain copyright alleged to be owned by the plaintiffs.

The activities of the defendant corporation within the Southern District of New York appear to be the following: The defendant maintains an office at 60 East 42nd

Street, Borough of Manhattan, City of New York; it employs three people, in addition to a Mr. Roberts (upon whom process was served), in charge of solicitation of advertising and who is a resident of the State of New York; the defendant's name appears both in the directory of the building and on the door leading to the defendant's office; it has a telephone listing; it employs an advertising agency called "The Sawyer Ferguson Walker Co."; the defendant newspapers are sold in this City and can be purchased every day; the defendant's rate card carries its New York address, and correspondence is carried on with its customers from the New York office. It is also a fact that all of the following must emanate from Chicago: The acceptance or rejection of contracts; the preparation and mailing of bills; the execution of the lease and the payment of rent for the New York office. Summarized, the defendant contends that the New York office is concerned solely with the solicitation of orders, subject to approval in Chicago and nothing else.

Suits arising under the Copyright Laws are brought pursuant to Title 17 U.S.C.A. § 35, which reads: "District in which actions may be brought. Civil actions, suits, or proceedings arising under this title may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found."

■ The defendant corporation is an inhabitant of the State of its incorporation (Illinois) and the propriety of the suit within this district is predicated upon whether the defendant is "found" in this district within the meaning and intent of the statute. In order to determine this, we must first decide whether the defendant corporation is doing business here to such an extent as to be subject to service of process in this district.

Under the ordinary test of "doing business", it appears to me that the activities of the defendant within this district do not amount to that doing business which subjects the corporation to the local jurisdiction for the service of process upon it. In Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc., 2 Cir., 29 F.2d 164, 166, Judge Augustus N. Hand said: "It has been definitely determined that the mere renting of an office and solicitation of business in the foreign state is insufficient to subject the corporation to service of process. W. S. Tyler Co. v. Ludlow-Saylor Wire Co.,

236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537." (International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, distinguished).

■ Plaintiff argues, however, that under Section 35 of the Copyright Act, 17 U.S.C.A. § 35, so long as this is the district "of which the defendant or his agent is an inhabitant, or in which he may be found", the usual "doing business" test has no application so far as jurisdiction over the person of the defendant is concerned. It is asserted that the only question is whether defendant or his agent is an inhabitant or may be found in this district.

■ I think that this argument cannot be sustained. Section 35 of the Copyright Act relates only to venue. See Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 43 S.Ct. 312, 67 L.Ed. 596. There is, however, a clear distinction between venue and the court's jurisdiction over the person of the defendant. This is a constitutional requirement guaranteed by the Fifth Amendment. The determination of this question depends upon whether the defendant is "doing business" in the State of New York. James-Dickinson Farm Mortg. Co. et al. v. Harry, 273 U.S. 119, 47 S.Ct. 308, 71 L.Ed. 569.

Although there apparently is no reported decision under Section 35 of the Copyright Act upon the point here raised (the Lumiere case, supra, and Cargill v. Mark's Credit Clothing Co., D.C., 29 F.Supp. 725 are factually different), decisions under Section 12 of the Clayton Act, 15 U.S.C.A. § 22, furnish an analogy. See Eastman Kodak Co. v. Southern Photo Materials Company, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Sure-Fit Products Co. v. Fry Products Co., D.C., 23 F.Supp.. 610; Haskell v. Aluminum Co. of America, D.C., 14 F.2d 864, 867.

Suits against corporations under the Anti-Trust Laws may be brought in the district whereof it is an inhabitant or in any district wherein it may be found or transacts business. (Other provisions follow which are not presently relevant). The word "found" with respect to suits under the Anti-Trust Laws has been held to mean that the foreign corporation must be doing business in the district in such manner and to such an extent that its actual presence there is established.

Specifically, in United States v. Aluminum Company of America, D.C., 20 F.Supp. 13, 16, Judge Leibell of this Court defined the meaning of the term "found" as used in Section 22 of the Clayton Act, as follows: "The term 'found' in section 12 of the Clayton Act (15 U.S.C.A. § 22), connotes something more than 'transacting business'. That a corporation is 'transacting business' within a judicial district is sufficient on which to base the venue of the suit under the act. But process in the suit can be served only 'in the district in which it (the corporation) is an inhabitant, or wherever it may be found.' The officers or agents of the corporation must be within the district, conducting with some continuity business of the corporation of such a nature and to such an extent that it will 'enable us to say that that corporation is here,' before we can conclude that it has become amenable to process".

It seems fair to assume when Congress enacted the Copyright Laws, it used the word "found" as defined by the courts and in no other way. Haskell v. Aluminum Co. of America, D.C., 14 F.2d 864, 867.

From the foregoing, there is a grave doubt in my mind whether the defendant is "doing business" within this district so as to be amenable to process, and I accordingly decline to take jurisdiction. Judge Rose, in Noel Const. Co. of Baltimore City v. George W. Smith & Co., 193 F. 492, 498, very aptly stated: "Where the question of jurisdiction is gravely in doubt, it is usually best to decline it".

This ruling obviates the consideration of the remaining portion of the defendant's motion.

The motion to dismiss the complaint is granted.