## SALVATORI v. MILLER MUSIC, Inc., et al.
### No. 1659.

District Court, E. D. New York.

Dec. 9, 1940.

Julian T. Abeles, of New York City (Arnold J. Bernstein, of New York City, of counsel), for the motion.

Howard P. King, of New York City, opposed.

CAMPBELL, District Judge.

This is a motion made on behalf of the defendant Miller Music, Inc.

1. To dismiss the action as to the defendant, Miller Music, Inc., on the ground that it is in the wrong district because this is an action under the Copyright Law of the United States, and neither said defendant nor any agent of said defendant is an inhabitant of, or may be found in, the Eastern District of New York;

2. To dismiss the action as against defendant Miller Music, Inc., on the ground that the Court lacks jurisdiction over the person of said defendant;

3. To dismiss the action as against defendant Miller Music, Inc., or in lieu thereof to quash the return of service of

summons directed to it on the ground that said defendant was not and is not subject to service of process in this action.

It clearly appears from the complaint that this is an action arising solely under the Copyright Laws of the United States.

The complaint alleges that the defendant, Miller Music, Inc., published a song entitled "Make Believe Island" and that said song was an infringement of plaintiff's song, entitled "This is Heaven". A. I. Namm & Sons is alleged in the complaint to be an inhabitant of the Eastern District of New York, and is joined as a defendant as the alleged seller of the song at retail.

The allegation as to diversity of citizenship is superfluous, as the action is brought under the Copyright Law, and not under Section 52 of the Judicial Code, 28 U.S.C. A. § 113.

The defendant, Miller Music, Inc., is not, and never was, an inhabitant of, and is not and never was, to be found in the Eastern District of New York, nor has it, or did it ever have an agent, inhabitant of, or to be found in said district.

The defendant, Miller Music, Inc., does not, and never did maintain an office or place of business, or transact any business directly, or by an agent, in the Eastern District of New York.

While the complaint alleges that the defendant, Miller Music, Inc., sold copies of its musical composition to defendant A. I. Namm & Sons, it does not allege that such sale took place in the Eastern District of New York.

The summons and complaint herein were served upon the defendant, Miller Music, Inc., at its executive offices in the Southern District of New York.

■ As this action arises solely under the Copyright Law, the venue is controlled by that law, 17 U.S.C.A., and not determined by the provisions of the Judiciary Act, which apply to other suits in the District Courts. Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 176, 43 S.Ct. 312, 67 L.Ed. 596.

Section 35 of the Copyright Law reads as follows: "That civil actions, suits, or proceedings arising under this title may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found."

■ This action at bar was not properly brought against the defendant, Miller Music, Inc., in this district.

■ The defendant, Miller Music, Inc., is not rendered subject to suit in this district merely by the joining of A. I. Namm & Sons alleged an inhabitant of this district as a defendant.

As I have hereinbefore pointed out, the venue of this action is controlled by Section 35 of the Copyright Law, supra, and not by Section 52 of the Judicial Code, supra, and this is analogous to the rule in patent cases. Section 48 of the Judicial Code (Title 28, § 109, U.S.C., 28 U.S.C.A. § 109) and the following decisions in patent cases sustain my conclusion. Motoshaver, Inc. et al. v. Schick Dry Shaver, Inc. et al., 9 Cir., 100 F.2d 236; Cheatham Electric Switching Device Co. v. Transit Development Co. et al., C.C., 191 F. 727, 732.

Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in part provides: "All process other than a subpœna may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state."

■ This rule is procedural and does not affect the moving defendant's substantive rights of venue and jurisdiction. Gibbs v. Emerson Electric Mfg. Co. et al., D.C., 31 F.Supp. 983, 984.

The following cases cited on behalf of plaintiff, Devier v. George Cole Motor Co. et al., D.C., 27 F.Supp. 978; Zwerling v. New York & Cuba Mail S. S. Co., D.C., 33 F.Supp. 721, were not cases under the Copyright Law of the United States, and are not in point.

The motion is granted as to the defendant, Miller Music, Inc.