### O'LEARY et al. v. LOFTIN et al.
### No. C. 2858.

District Court, E. D. New York.

Nov. 16, 1942.

Alfred W. Meldon, of Brooklyn, for plaintiffs.

Bleakley, Platt & Walker, of New York City, for defendants.

INCH, District Judge.

This is a motion to dismiss an action on the ground that this court did not have jurisdiction of the person of the defendants, that defendants have not been properly served with process, that the complaint fails to properly allege the citizenship or residence of the defendants, and that plaintiffs have been improperly joined.

It seems to me that there has been no improper joinder and that under Rule 8 (e) and Rule 21 of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, this objection can be put aside.

The objection that this court has no jurisdiction stands or falls with the consideration of the objection that there was no proper service of the summons.

According to the complaint plaintiffs, while passengers upon the defendants' train, were injured through alleged negligence of defendants. The accident happened in the State of Florida. The Florida East Coast Railway Company is a debtor being reorganized in the bankruptcy court in the State of Florida and the defendants are trustees duly appointed by the United States District Court for the Southern

District of Florida. The railway company is a foreign corporation organized and existing under the laws of the State of Florida. Its principal office is located at St. Augustine, Florida, and the operation of its railroad is confined to the State of Florida.

According to an affidavit submitted it does not operate any lines of railroad further north than Jacksonville, Florida, but according to the affidavit of counsel for the plaintiffs it does have an office at 120 Broadway, New York City, Southern District of New York, where the trustees transact business of the debtor. The defendant trustees, however, appear to be residents of Florida.

There is no indication that either the railway company or its trustees are residents of the Eastern District of New York, or that the debtor has an office of any kind or transacts business in and within the Eastern District of New York or that there is anyone on whom proper service could be made of the process of this court, within the Eastern District of New York.

The plaintiffs are residents of the Eastern District of New York.

The sole ground of jurisdiction of this court is based on the alleged diversity of citizenship between the defendants and the plaintiffs.

For this reason the objection by the defendants to the present form of the complaint as to the residence of the defendants, while technical and one in view of the conceded facts that can properly be cured by amendment, nevertheless, seems to me to require such amendment in order to remove such defect which appears to exist in the pleading.

The remaining objection as to jurisdiction is the really important one.

As the plaintiffs reside in the Eastern District of New York and the defendants are residents of the State of Florida, the sole jurisdiction of this court over the suit rests on this, above mentioned, diversity of citizenship. Judicial Code, § 24, 28 U.S.C.A. § 41.

The venue of this suit is limited to either the district where the plaintiff resides or the state where the defendants reside. Judicial Code, Sect. 51, 28 U.S.C.A. § 112.

Thus the plaintiffs had to make the choice whether to bring the suit here in Brooklyn, Eastern District of New York, or go to Florida to commence their suit.

They have chosen to commence their suit here, the district of their residence.

In view of the new Federal Rules of Civil Procedure this suit was duly commenced by filing a complaint with this court (Rule 3). No longer is a suit commenced by service of a summons and complaint.

Accordingly, plaintiffs having duly commenced their suit in this court having jurisdiction, duly obtained a summons and this summons and a copy of the complaint were duly served by a United States Marshal for the Southern District of New York on the defendants at their said office, in the City of New York, State of New York, Southern District of New York.

The defendants now claim that this service is invalid, that it was insufficient to give jurisdiction to this court and that although it was made pursuant to Rule 4(f) such rule when resorted to for such a service violates Rule 82 and that therefore it is an attempt to extend the jurisdiction or the venue of this court. Citing Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058, which discuss the general proposition of jurisdiction and the Rules.

It is with some hesitation that I have come to a different conclusion from that so urged by counsel for the defendants for the reason that I am not unaware of a number of decisions by district judges in other states to the contrary but, so far as this district is concerned, Judge Campbell has held that Rule 4(f) is a matter of procedure and "does not affect the moving defendant's substantive rights of venue and jurisdiction". Adolph Salvatori v. Miller Music Inc., D.C., December 9, 1940, 35 F.Supp. 845, 846.

Judge Moscowitz, another associate in this district, has denied a motion to set aside such a service made in the Southern District of New York in a suit commenced in this district. Zwerling v. New York & Cuba Mail S. S. Co., D.C., June 28, 1940, 33 F.Supp. 721

In Schwarz v. Artcraft Silk Hosiery Mills, 110 F.2d 465, 467, the Circuit Court of Appeals of this Circuit, had before them a question of service of a summons in a suit commenced in the Southern District of New York where the defendant had a summer home at Westhampton, in this Eastern District of New York, and while

that service was made in New York City, Circuit Judge Chase, writing the opinion of the court, had this to say on the subject we are discussing: "He [referring to the defendant] was, therefore, subject to service at least on Monday, July 17th at his summer home in Westhampton". This reference to Rule 4(f) certainly indicates that the service would have been held good had it so taken place in the Eastern District. Schwarz v. Artcraft Silk Hosiery Mills, supra, 110 F.2d page 467.

So far as I can find therefore the decisions in this district have been that the rule is procedural. It also seems to me that this is a sensible view to take of the rule for there can be no question but that those who gave so much of their time and study to the forming of this rule among others had no intention of its extending the jurisdiction or venue of a district court as is shown by a brief reference to the proceedings of the Institute on Federal Rules, held in the City of Cleveland, in July 1938, at which Rule 4(f) was considered. At this time former Attorney General Mitchell had this to say on the subject:

"There is another problem that arises under these rules, in Rule 4, which provides that process may be served within the limits of the state. There are some federal statutes that allow process to be served within the limits of the state. Some say that the process in a particular type of proceeding may be served only in the district, and there are others which say the process may be served anywhere in the United States. This rule does not purport to enlarge the limits within which process may be served in certain cases, enlarging the area, the territorial limits, from the district to the whole state, so that if there is a state in which there are two or more districts, the question arises whether this is a method of procedure or affects substantive rights.

"As to this problem I would say that this point was specifically called to the attention of the Supreme Court by special note, in which the question of power was raised for their consideration, and they adopted this rule. What conclusions are to be drawn from that you can determine for yourself". (Pp. 183, 184).

He was followed later by the then Dean, now Judge of the Circuit Court of Appeals of this Circuit, Charles E. Clark, who said as follows: "The question has been raised whether this is not a substantive change, one affecting jurisdiction and venue. I might say on that, it is our theory that definitely it is not. This is not a matter of either the jurisdiction of the court, what matters the court shall hear and decide, or of the venue, which is the place where certain kinds of action shall be tried. This affects neither one of those points. It simply says that in cases where the district court already has jurisdiction and venue its process may reach as far as the confines of that state itself. In other words, that is why we considered it procedural. It is simply allowing people to be brought before the court within the entire state and not merely within one district". (Pages 205, 206).

Moreover as long as the plaintiffs have the right to bring their suit in this district and have duly commenced such suit in this district it does not seem to me that such jurisdiction and venue are affected by merely allowing a notice to appear and defend to be served anywhere in the state rather than only in a district of the state.

To be sure I realize that counsel for defendants are not so much concerned with general jurisdiction over the subject matter as to jurisdiction over the person of a defendant.

This court is a District Court of the Eastern District of the State of New York.

■ The practical view of this effort to facilitate a trial once general jurisdiction and proper venue have been established and the action duly commenced is that service, anywhere in the state, of a summons or notice to appear and defend is merely a matter of procedure and is not an extension and limitation of the jurisdiction or venue.

■ For instance while this may not be considered an argument in support of my conclusion because of its possible inapplicability to other sections of the country, nevertheless, it is an observation not out of place on the particular facts here presented. The plaintiffs reside in Brooklyn, a part of the City of New York. They allege they were injured by defendants' employees on a train in Florida. The defendants are residents of Florida. The law gives plaintiffs only two places in which to commence a suit, either in Brooklyn (this Eastern District) or in Florida. They therefore sued in Brooklyn

and have duly commenced their action here. The summons or notice of the suit cannot be served on defendants in Brooklyn but can be served on the defendants in Manhattan, Southern District of New York, another part of the City of New York only about ten minutes away from that part of New York City in which plaintiffs live. But if counsel for defendants are correct, there being two districts in New York City, the defendants can force the plaintiffs to go all the way to Florida to sue them.

Such a result caused by mere district boundaries in the state, certainly does seem illogical and an unnecessary hardship. On the other hand the rule that the defendants, once there is jurisdiction and venue in this district, can be served with a summons anywhere in the State of New York seems not only more just and fair but greatly in the interest of the avoidance of delay and expense of a trial, and does not affect or extend jurisdiction or change venue.

Accordingly, I conclude that this rule is a matter of procedure and that the service of the summons in the Southern District was valid.

However, in view of the technical objection to the form of the complaint as to residence of defendant trustees permission is given to the plaintiffs to file and duly serve within ten days from the entry of the order to be entered hereon, an amended complaint in this respect.

Motion denied. Settle order on notice.