**BOWLES, Price Administrator, v. CARPENTER et al.**

**Civil Action No. 804.**

District Court, D. Colorado.

May 3, 1945.

, French L. Taylor and I. R. Schwartz, both of Denver, Colo., for plaintiff.

Omar E. Garwood, of Denver, Colo., for defendants.

SYMES, District Judge.

This is an action by the Price Administration seeking treble damages pursuant to § 205(e), Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e). Jurisdiction is disputed by defendant and depends on a provision of § 205(c) of the Act which says: "all suits under subsection (e) of this section shall be brought in the district or county in which the defendant resides or has a place of business, an office, or an agent."

The facts briefly are: Defendant Carpenter, doing business in Denver, Colorado, as the Carpenter Brokerage Company, is joined with the other defendants—all Missouri farmers—in a treble damage suit for violation of the Emergency Price Control Act of 1942, arising out of the sale of a carload of Missouri-grown grapes to the Pacific Fruit & Produce Company—a Delaware corporation—at Cheyenne, Wyoming. The Missouri defendants plead lack of jurisdiction, in that when this suit was commenced in January, 1945, none of them had within the State of Colorado either a residence, place of business, office or agent within the provision of the statute, supra. It is admitted that for many years last past the Carpenter firm has been the agent and broker for the sale of Concord grapes for the Neosho Grape Growers Union, which is composed of the 13 other defendants—all Missouri residents. This association is an unincorporated marketing association, and in this particular transaction defendant Carpenter did sell for his principal the commodity complained of at a price in excess of the legal price as established by the Government, and previous to this transaction had sold grapes produced and marketed by the same defendants, and it may be assumed that when the next crop matures he will again be employed.

The transaction was completed in one day and Carpenter's connection therewith ceased and terminated immediately. Since that time he has had no other transactions for any of defendants. At the time of the commencement of this suit defendant Carpenter says he was not an agent for the defendants. It is admitted that when the action was commenced the defendants had neither a residence, place of business, office or agent within Colorado.

The Government's contention is, briefly, that Carpenter acted as a broker in the August 3rd transaction and then and there by operation of law became the agent for the defendants and continued as such up to the time that suit was commenced.

The defendants' plea to the jurisdiction is as stated.

Admittedly Carpenter was defendants' agent and carried out the transaction in question in August, 1944. It appears from the testimony taken at the hearing that Carpenter, doing business as the Carpenter Brokerage Company, has for many years past acted for the defendants, who operate as the Neosho Grape Growers Union, comprised of the 13 defendants residing in Missouri, and doing business as an unincorporated marketing association, and that in making this sale sold the carload of grapes at a price greater than the legal price established by the Government.

According to the Act—§ 205(c)—such a suit as this may be brought "in any district in which any part of any act or transaction constituting the violation occurred, and may also be brought in the district in which the defendant resides or transacts business."

An attempt is made by the defendants in the argument and brief to distinguish between a broker and an agent. Nevertheless, considering the intent of the act, the court is convinced that it applies to a party in the situation of Carpenter, whether he is strictly speaking a broker or agent.

The next question is: Assuming Carpenter completed the transaction in Colorado as an agent for the defendants, can suit in Colorado be avoided because, since the date of the transaction complained of, Carpenter has not acted for the defendants in any capacity in this state? I do not think so. The liability of the parties is to be adjudged as the facts existed at the time of the alleged law violation. At that time jurisdiction undoubtedly existed. The fact that Carpenter thereafter ceased to be their agent and has done no more business for them since cannot affect the defendants' liability as of that date, any more than a criminal can who violates the law and flees the jurisdiction of the court for the time being can plead that as a defense. The fact that the Government delayed bringing a suit for such a long time is immaterial, except in the event of the running of a statute of limitations.

The plea to the jurisdiction is denied.