**BOWLES, Price Administrator, v. AMERICAN DISTILLING CO., Inc., et al.**

District Court, S. D. New York.

July 6, 1945.

See also 62 F.Supp. 20.

Paul L. Ross, of New York City, for plaintiff.

Moses Polakoff, of New York City, for defendant Sands.

John S. Milliken and Herman G. Handmaker, both of Louisville, Ky., and William Rawick, of New York City, for defendant Country Distillers Products Co.

Walter Powers, of Boston, Mass., and William R. Rawick, of New York City, for defendants Ben Burk, Inc., and Arthur C. Sullivan.

RIFKIND, District Judge.

The following defendants severally move to dismiss the action because of improper venue and improper service of process: 1, Arthur C. Sullivan; 2, Ben Burk, Inc.; 3, Country Distillers Products, Inc.; 4, Joseph J. Sands.

The complaint is in three counts and names twenty three defendants. The first count is for an injunction to restrain alleged violations of MPR 193 and MPR 445; and is brought under Section 205(a), Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(a). Jurisdiction is predicated on Section 205(c) of that Act.

The second count is for treble damages arising out of alleged sales of distilled spirits by defendants at prices in excess of the maxima permitted by the regulations, § 205(e). Jurisdiction of the second count is founded on §§ 205(c) and (e) of the Act.

The third count asserts a claim in the nature of fraud and deceit and predicates jurisdiction upon § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

The propriety of the venue and the efficacy of the service of process must be tested separately for each count; 2 Moore's Federal Practice, pp. 2123, 2138, 2140. Especially, it seems, should that be true where, as here, Congress has made distinct venue provisions in a single statute for the several modes of enforcement established.

Under § 205(c), actions for an injunction may be brought in any district in which any part of any act or transaction

constituting the violation occurred, and "may also be brought in the district in which the defendant resides or transacts business."

Actions for treble damages under § 205 (e) "shall be brought in the district or county in which the defendant resides or has a place of business, an office, or an agent."

Process, in actions both for an injunction and for treble damages, "may be served in any district wherein the defendant resides or transacts business or wherever the defendant may be found."

Venue with respect to the third cause of action is covered by the general venue statute, 28 U.S.C.A. § 112. Such an action may be brought in the district whereof defendant is an inhabitant; and in such case, process may not be served outside the district of the forum.

To avoid repetition in the consideration of the several motions, it may be observed that plaintiff does not contend that any part of the acts or transactions constituting the violation occurred in this district or that any of the moving defendants resides in the district. We may now proceed to a consideration of the several motions.

■ 1. *Arthur C. Sullivan:* With respect to Sullivan, I can find nothing in plaintiff's affidavit which so much as suggests that he had a place of business, office or agent in the district. It is averred that he was president of Ben Burk, Inc. (which is admitted), and its liquidating agent (which is convincingly denied) and that Ben Burk, Inc., had agents in this district. The object of this averment is to provide a basis for the inference that Sullivan had agents in the district. That, it manifestly fails to accomplish, especially since I accept as fact that Sullivan is president and not liquidating agent of Ben Burk, Inc. It appears without contradiction that Sullivan is a member of the Massachusetts bar and that he has an office for the practice of law in the City of Boston. Nor can I consider the fact, if it be fact, that Ben Burk had agents in New York, as tantamount to the transaction of business, in New York, by Sullivan. These agents, if there were agents, were the corporation's and not Sullivan's. Assuming that these agents transacted business in the district which may be imputed to the corporation, I do not see how that can be imputed to Sullivan.

The venue requirements of none of the three counts have been satisfied. All three counts of the complaint must, therefore, be dismissed as to Sullivan.

■ 2. *Ben Burk, Inc.:* Ben Burk is a Massachusetts corporation. It is not licensed to do business in New York. It has no office in New York. It maintains an office in Massachusetts and a plant in Indiana. It is plaintiff's contention that Ben Burk, at the relevant date, had agents in the district. The precise foundation for this contention cannot be readily ascertained from plaintiff's affidavits. It appears, however, to be plaintiff's claim that these agents are Foster and Co., a partnership, and American Distilling Co., Inc.; that "the operations of Ben Burk were actively and closely directed by Foster and Co. and American Distilling Co. Inc."; and that Ben Burk is "owned almost completely and jointly by Foster and Co. and American Distilling Co., Inc."

There seems to be no dispute about the fact that either jointly or severally Foster and American owned all but 300 of the 14,000 shares of Ben Burk, Inc. Nor can there be any doubt that the parent of a corporation may be its agent; but it is clearly not true that merely because one corporation is the parent of another, the former thereby becomes the agent of the latter. Compania Mexicana Refinadora Island, S. A. v. Compania Metropolitana De Oleoductos 1928, 250 N.Y. 203, 164 N. E. 907. To the determination of the fact of agency, concepts of domination and control, which are sprinkled through plaintiff's affidavit, have slight relevancy. And when the averments of plaintiff's affidavits are stripped down to the strictly relevant matter nothing more appears than that Foster and American owned and controlled Ben Burk. That is not sufficient to support the claim of agency. All three causes of action must be dismissed because it does not appear that the venue requirements of any of them have been satisfied.

■ 3. *Country Distillers Products, Inc.:* This corporation is organized under the laws of Kentucky and in that state it has its principal office. It has no office in New York or in the Southern District of New York and does not transact business there. If it is in the district at all, it is because it has an agent here, and so plaintiff contends. The agents, according to plaintiff, are Foster and American. Coun-

try Distillers is substantially owned by Foster and Co. Westerman, a partner of Foster, is president of Country Distillers. On December 6, 1944, when the action was commenced, he was, according to plaintiff's affidavit "located continuously in New York City * * * he controls the operations of the Country Distillers plant in Kentucky through issuance of orders by telephone and in writing to the plant manager." Assuming that by "New York City" plaintiff means the Southern District of New York, the question is whether the presence of Country's president in New York satisfies the requirement of § 205(c) that venue may be laid where defendant has an agent.

Riverside & Dan River Cotton Mills v. Menefee, 1915, 237 U.S. 189, 195, 35 S.Ct. 579, 581, 59 L.Ed. 910, cited by defendant, restated the rule previously announced by the Supreme Court that "the mere fact that an officer of a [foreign] corporation may temporarily be in the state or even permanently reside therein, if not there for the purpose of transacting business for the corporation, or vested with authority by the corporation to transact business in such state, affords no basis for acquiring jurisdiction [by the state court] or escaping the denial of due process under the 14th Amendment * * *." In the instant case we are not confronted by any such constitutional barrier. Our concern is the more limited one of statutory construction. Conley v. Mathieson Alkali Works, 1903, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113, was also concerned with jurisdiction in the strict sense, not venue. It held that, "The residence of an officer of a corporation does not necessarily give the corporation a domicil in the state. He must be there officially, —there representing the corporation in its business," Id., 190 U.S. 411, 23 S.Ct. 730, 47 L.Ed. 1113.

In Michigan Lubricator Co. v. Ontario Cartridge Co., 6 Cir., 1921, 275 F. 902, 904, it was said that, "To make executive decisions in the state where the officers live is not to do business within that state."

These cases do not touch the question presented here, which is, whether the presence in the district, of the president of a foreign corporation who makes executive decisions here, constitutes enough to warrant the finding that the corporation "has

an agent" in the district for venue purposes under § 205(c). The phrase "has an agent" occurs in 38 Stat. 731, 15 U.S.C.A. § 15, which prescribes venue under the anti-trust laws (and see 15 U.S.C.A. § 22) and that statute has been construed in[1] Eastman Kodak Co. v. Southern Photo Co., 1927, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684. Concerning the meaning of the quoted words the Supreme Court does no more than to pose a question:

"Whether, as applied to suits against corporations, as distinguished from those against individuals, the insertion of the words 'or has an agent' in this section can be held, in the light of the decision in the Peoples Tobacco Co. case, [People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas. 1918C, 537], to have enlarged to any extent the jurisdictional provision in section 7 of the Anti-Trust Act [15 U.S.C.A. § 15 note], we need not here determine"; Id., 273 U.S. at page 372, 47 S.Ct. 403, 71 L.Ed. 684.

The copyright venue statute is somewhat similar. It authorizes suit in the district of which defendant or his agent is an inhabitant, or in which he may be found; 35 Stat. 1084, 17 U.S.C.A. § 35. Under the copyright statute the Supreme Court has held that venue was not proper if laid in the district where an agent of the defendant was discovered who was in the district temporarily and not on the business of the corporation.

Lumiere v. Mae Edna Wilder, Inc., 1923, 261 U.S. 174, 178, 43 S.Ct. 312, 313, 67 L.Ed. 596. The court there said: " 'Agent' is a word used in the law in many senses. What it means in a statute is to be determined from the context and the subject-matter. The president of a business corporation is, commonly, authorized to represent it for many purposes, and it may often be said properly that he is acting as its agent. But induction into office does not impress upon a person the status of agent of the corporation, so that he must be deemed its agent in every jurisdiction which he happens to enter, although the corporation transacts no business there and he is not there in any way representing it."

In the instant case it is not even pretended that Westerman was in New York to represent or act in behalf of the defendant

---

[1] See Mebco Realty Co. v. Warner Bros. Pictures, Inc., D.C., 1942, 45 F.Supp. 340, which held that under the Sherman Act a wholly owned subsidiary is not an agent of the parent for purposes of the venue although the latter, under contract with its parent, distributes pictures produced by the parent.

in connection with business in this state or district. His business in New York was the business of Foster. He was also president of Country Distillers; and while in New York he made executive decisions for Country Distillers. He is not alleged to be a resident of this district. "Such directions may perhaps constitute corporate acts and conceivably, if habitually given, might constitute the transaction of corporate business"; Compania Mexicana v. Compania Metropolitana, 1928, supra, 250 N.Y. 203, 208, 164 N.E. 907, 909. The facts, as disclosed by plaintiff's affidavits, do not suffice even for such a "conceivable" inference; and moreover, plaintiff does not contend that this defendant transacts business in the district.

■ Considering that the amendment to § 205(c) relating to treble damage suits was clearly intended to be more restrictive than the venue provisions relating to injunction suits under the Emergency Price Control Act, I conclude that Country Distillers cannot be said to have had an agent in this district simply because its president spent time in the district in connection with the business of another enterprise, when it does not appear that he had authority to transact or transacted business for Country Distillers in the district except to communicate executive decisions to the main office. All three counts must, therefore, be dismissed against Country Distillers since the venue requirements of none of them have been satisfied.

■ 4. *Joseph J. Sands:* Venue of the action against Sands is predicated by plaintiff on the claim that Sands had an office in the district. And so he did, until January 15, 1944. This action was commenced on December 6, 1944. It is immaterial that he had such an office at the time when the acts complained of occurred. No authority has been called to my attention which would make the time of the occurrence of the event the critical date under the venue statutes. The case of Bowles v. Carpenter, D.C.1945, 62 F.Supp. 13, does not seem to me to hold with plaintiff, but if it does, I should find myself in disagreement with it.[2]

No other basis for venue has been shown

and it follows that the complaint as to him must likewise be dismissed.

■ Two additional arguments advanced by plaintiff require but brief note. Plaintiff apparently is under the impression that as to the third cause of action, he is at liberty to bring it in the district of which the plaintiff is a resident and he asserts that plaintiff may be deemed to be a resident of every district. I need not concern myself with the latter proposition for it is quite clear that, under the general venue statute, the plaintiff may sue in the district of his residence only in cases where jurisdiction depends upon diversity of citizenship. Jurisdiction of the third cause of action is, by its express allegation, not predicated on diversity but on the fact that plaintiff is an officer of the United States authorized to sue, Judicial Code, § 24(1).

■ Plaintiff also argues the point of convenience and calls attention to the necessity, if venue is held bad, of bringing many suits in several jurisdictions. He cites United States v. Standard Oil Co., E.D.Mo.1907, 152 F. 290. That was a suit under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1-7, 15 note; its relevance to the issues here escapes me. But clearly plaintiff is mistaken in his belief that the courts have any discretion to consider convenience in deciding questions of this character. The argument of public convenience was addressed to Congress when § 205 of the Act was receiving legislative consideration. Within constitutional limits, that tribunal has the final word on the matter.

It should be noted that plaintiff's affidavits lack that form of explicit statement and internal organization which is the mark of a readable composition. It may be that in the interstitial spaces of plaintiff's affidavits there lurk averments from which other theories may be developed to sustain the venue as laid. I have not discovered any and I have acted on the declarations of the affidavits and briefs that plaintiff was relying on the proposition that three of the defendants had an agent in the district and that one had an office therein. That has not been established.

Some of the moving defendants have stated additional grounds for relief which

[2] The Judiciary Act of 1789, § 11, 1 Stat. 79, provides: "No civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process in any other district than that [of which] he is an inhabitant, *or in which he [is] found at the time of serving the writ.*" The italicized words are not present in 28 U.S.C.A. § 112.

were neither argued nor briefed. In any event no disposition is called for. This is also true with respect to the challenge of the service of process. Since the complaint must be dismissed, decision of that question is not required.