**MEBCO REALTY HOLDING CO. v.
WARNER BROS. PICTURES,
Inc., et al.
No. 1811.**

District Court, D. New Jersey.
April 22, 1942.

See, also, D.C., 44 F.Supp. 591.

Starr, Summerill & Lloyd, of Camden, N. J., and Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., for the motion.

Cassman & Gottlieb, of Atlantic City, N. J., and Milton C. Weisman and Melvin A. Albert of Weisman, Celler, Quinn, Allan & Spett, all of New York City, opposed.

AVIS, District Judge.

This action is instituted under the provisions of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and Clayton acts, 38 Stat. 730, alleges a conspiracy on behalf of the defendants to destroy the business of plaintiffs in the conduct and operation of a moving picture theatre in Atlantic City, seeks a decree to adjudge defendants guilty of such conspiracy in violation of law; that they have illegally restrained trade, for an injunction, and that defendants be required to pay to plaintiffs triple of all such damages as plaintiffs may have sustained.

Defendant, Warner Bros. Pictures, Inc., enters a special appearance to object to venue and service of summons and asks to be discharged from liability in the action.

An order dated October 15, 1941, authorized the issuance of summons to be served on defendants, nonresidents of this district, by the United States Marshals in such districts as defendants might be found. Amongst the defendants to be served in this manner was Warner Bros. Pictures, Inc., the moving party.

The section of the statutes authorizing suit provides: "Any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." Title 15 U.S.C.A. § 15.

The section of the statute which extends the venue or territorial jurisdiction of the district court to nonresidents reads as follows: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." Title 15 U.S. C.A. § 22.

Moving party claims that this defendant does not reside in this district, that it may not be found nor does it transact business herein. It is also asserted that the summons was not served in accordance with the law at any place.

It is agreed, I believe, as facts, that Warner Bros. Pictures, Inc., is not incorporated in New Jersey, that it has no direct representative herein, nor does it transact business here unless certain acts hereinafter set forth subject it to this jurisdiction.

It owns 100 per cent of the capital stock of Vitagraph, Inc. This latter corporation, under a contract between it and moving corporation, handles the film of moving corporation, which is distributed to exhibitors in the State of New Jersey and elsewhere in the United States to be exhibited in moving picture houses and, after expenses are paid, Vitagraph receives 20% of clear proceeds and Warner Bros. 80% of clear proceeds. The films during all of this period are the property of Warner Bros. and when their use is discontinued are returned to it.

On this showing defendant says it is not found in or transacting business in this district.

Plaintiff's attorneys insist that these conditions subject Warner Bros. to the jurisdiction of this court and contest claimed right of dismissal.

■ It is alleged that Vitagraph, Inc., is the agent of Warner Bros., but this claim does not seem to be supported by any reported cases. As a matter of fact, it would appear that under a contract of this character, even though the acting corporation may be 100 per cent owned by the nonresident, the doctrine of agency cannot apply.

The plaintiff raises a new proposition which does not appear to have been determined in any jurisdiction, and that is, that Warner Bros. property having been circulated in this district by Vitagraph, in itself establishes the fact that Warner Bros. is transacting business in New Jersey.

It does not seem necessary to go deeply into reported opinions on the primary question. Judge Walker in the case of Westor Theatres, Inc., a corporation et al. v. Warner Bros. Pictures, Inc., D.C., 41 F.Supp. 757, filed October 30, 1941, under practically the same state of facts, determined that Warner Bros. could not be brought into this district and directed the quashing of service of summons.

■ The argument as to the latter question does not impress me to the extent that it overcomes the general situation. I am satisfied that the ownership of property handled by another party would not justify a decision determining that Warner Bros. is transacting business in this district. It is not necessary to determine the question of validity of service of summons.

The service will be quashed.